## H. KNITTEL V. OTTO SCHMIDT.

### Delivered April 1, 1897.

**1. Evidence of Damage From Assault and Battery—Allegata and Probata.**

Evidence that plaintiff in an action for damages for an assault and battery suffered from headache whenever he worked in the sun after the assault, and could not work as he could before such assault, is admissible under an allegation that he had suffered pain and been prevented from the transaction of his necessary business, although there is no specific allegation of the value of his time.

**2. Charge of Court—Damages—Double Recovery.**

An instruction in an action for damages for assault and battery, authorizing the jury in estimating plaintiff's damages, to consider the "loss of time" and "diminished capacity for labor," is not objectionable as authorizing a double recovery.

**3. Same—Assault and Battery—Damages—Harmless Error..**

Where the petition alleged that the injuries to and reduced capacity of plaintiff for earning a livelihood would remain for twelve months, failure to limit the re covery to damages sustained within that time is not ground for reversal, where the trial took place within four days after the expiration of the twelve months, and the charge referred only to past damages and such as the evidence showed.

**4. Charge of Court—Exemplary Damages—Language Not Improper.**

An instruction in an action for damages for assault and battery, that if malice on the part of defendant is shown, the jury may in their discretion give exemplary damages by way of punishment to defendant, and "for the purpose of creating a wholesome example to others," is not improper.

APPEAL from Washington.    Tried below before Hon. ED. R. SINKS.

*Searcy, Garrett & Harmon,* for appellant.—1.    In an action of this kind, if the plaintiff desires to recover special damages, or for an injury which is not the necessary as well as the natural effect of the wrong complained of, he must, in addition to the facts constituting the gravamen or gist of the action itself, allege also the facts showing the special injury and the extent or amount of it.    There being no special claim made by the plaintiff in his petition for damages for loss of time, it was improper to permit plaintiff to introduce in evidence the value of his time, the same not being embraced in the general allegation of damages.    Receiver v. Cook, 86 Texas, 632, 633; Lewis v. Hatton, 86 Texas, 533; Railway v. Cook, 27 S. W. Rep., 772; Railway v. Adams, 24 S. W. Rep., 841; Railway v. Hennessee, 75 Texas, 157; Railway v. Buckalew, 34 S. W. Rep., 165; Railway v. Dawson, 29 S. W. Rep., 1107; Slaughter v. Railway, 23 S. W. Rep., 760; Coontz v. Railway, 22 S. W. Rep., 572; Jesse v. Shuck, 12 S. W. Rep., 304; French v. Wilkinson, 53 N. W. Rep., 530; 90 Mich., 322; Railway v. Reichardt, 27 S. W. Rep., 920.

2. The court erred in instructing the jury that they could allow plaintiff damages for lost time and his diminished capacity to labor, for the reason that it allowed a double recovery. The court erred in not instructing the jury that plaintiff would be limited in his right to recover in this case to such damages as he sustained within twelve months from the assault. Railway v. Bingham, 30 S. W. Rep., 254; Fordyce v. Chancy, 21 S. W. Rep., 182; Railway v. Lock, 20 S. W. Rep., 854; Railway v. Brock, 31 S. W. Rep., 500; Railway v. Sweeney, 6 Texas Civ. App., 177; Flint v. Hall, 4 Tex. Civ. App., 404; Railway v. Measles, 81 Texas, 477; Railway v. Byas, 29 S. W. Rep., 1122; Slaughter v. Railway, 23 S. W. Rep., 760; Railway v. Artusey, 31 S. W. Rep., 319.

3. While exemplary damages are allowed as a punishment to the wrongdoer, we know of no such rule of law as would authorize the jury, in addition to allowing damages as a punishment, to also allow such additional damages against him as would set a wholesome example to others. Raynor v. Mems, 37 Mich., 34; Hendrickson v. Kingsbury, 21 Iowa, 379; Fay v. Parker, 53 N. H., 342.

*Buchanan & Henderson,* for appellee.—The law infers, when such injuries are shown to have existed as were alleged and proved in this case, that physical pain and suffering resulted therefrom, for by common observation we know that in the ordinary operation of natural laws pain is a necessary result of such injuries, unless the condition of the injured person be abnormal, which will not be presumed. There being testimony that the pains in the head, when plaintiff worked in the sun, were the natural result of the injury complained of, the testimony was properly admitted. Railway v. Curry, 64 Texas, 87; Moehring v. Hall, 66 Texas, 242; Railway v. Dobbins, 30 S. W. Rep., 887; Railway v. Pendery, 36 S. W. Rep., 793; Railway v. Brock, 30 S. W. Rep., 274; Railway v. Zwiener, 38 S. W. Rep., 375.

WILLIAMS, ASSOCIATE JUSTICE.—Appellee recovered in the court below judgment against appellant for $500 actual damages, and $1000 exemplary damages, for an assault and battery, from which this appeal is taken.

The petition alleged that the assault was committed with an iron weight, a broomstick, defendant's fists, and other weapons, and that by it plaintiff was bruised and wounded, his head cut to the skull, and his arm paralyzed for a while, and that from the effects of it plaintiff became, and still is, lame, disordered, and sore, during which time plaintiff suffered, and still suffers, great physical and mental pain and anguish, and was prevented and hindered from the transaction of his necessary business, and his capacity for earning a livelihood has been greatly impaired and reduced, and that said injuries and reduced capacity for earning a livelihood will remain for twelve months, and that this plaintiff will continue to suffer mental and physical pain therefrom during said time." This is the part of the petition to which some of the assignments of error

relate. The petition alleged that by these injuries he was damaged in the sum of $2000, claimed as actual damages, and also alleged facts sufficient to authorize a recovery of exemplary damages.

The evidence was sufficient to establish the assault with the weight, broomstick, and fist, as alleged. Plaintiff's arm was badly bruised, so that the physician who examined it at first thought it was broken, though in fact it was not. The shoulder was also bruised, and there were three wounds on the head, two of which were ordinary scalp wounds, but the third one was gashed to the skull. Plaintiff was sick from the wounds for two weeks; had high fever for two days. He suffered pain from the wounds for about one month.

Plaintiff was allowed to testify, that "prior to the assault he was earning one dollar per day and his board, and that since said injuries, and up to the time of trial, when he worked in the sun, he suffered from headache, and could not work in the sun since the assault, as he could before the assault was made; that prior to said assault he did not suffer from headache when he worked in the sun." To this defendant objected, because the allegations in the petition were not sufficient to admit the evidence. This ruling of the court forms the subject of the first and second assignments of error.

We think the petition itself answers the objection. It is plainly alleged that plaintiff had suffered pain, and that he had been prevented from the transaction of his necessary business, which is equivalent to an allegation of a loss of time, and that these damages would continue for twelve months. The point made by appellant seems to be that this was not sufficient to admit proof, without averments of the value of plaintiff's time, and of the sum in which he was damaged by its loss and by the pain and suffering. This is supplied by the general allegation in which he states that, by all of the alleged consequences of the assault, he was damaged in the sum claimed. This allegation of the whole damage includes the damage claimed for pain and loss of time, as well as any other. Whether or not this was sufficiently specific is not the question. As was said in the case of Railway v. Burnett, 80 Texas, 538, if defendant desired more specific information, he should have excepted specially. Car Co. v. Smith, 79 Texas, 470, 471, is also directly in point, as is Christie v. Railway, recently decided by this court.

In most of the cases cited by appellant the petition failed to allege that the plaintiff had lost time, and the point decided was not that, having alleged the loss of time, he must also state its value separately from his other damage. When it is said that special damage must be alleged, in order to be proved, it is not meant that the sum claimed for the particular injury must be separately stated, but that the injury itself, if it is not such as naturally and necessarily results from the wounds or hurts alleged, must be averred. It is true that a fact which must be proved must also be alleged, but the evidence relied on to prove the allegation need not be set out. The proof of the value of lost time is simply part of the evidence by which the allegation of damage is sustained; and proof of

the amount of such damage is necessary, because it can be accurately estimated, and the best proof the nature of the case admits of is always required.

The following clause in the charge is assigned as error: "If you find for the plaintiff under the instructions heretofore given, you will allow such damages as seem to you to be right and proper, under all of the facts and circumstances in evidence. In estimating the damages you have a right to consider bodily and mental pain, if any, endured by the plaintiff; loss of time, if any, caused by such assault, if any; and his diminished capacity for labor, if any—resulting directly from defendant's wrongful acts, if the evidence shows these circumstances to exist. You may also take into consideration the surgical bills, if any, which the plaintiff has incurred. It was not necessary that the amount of damages resulting from personal injuries should be proved by witnesses, but it is to be determined by you from your general knowledge and experience. The damages above spoken of are known as actual damages."

The objections urged to the charge are stated in the following propositions in appellant's brief:

"The charge of the court should not submit to the jury matters not within the scope of the pleadings."

"It was error for the court to instruct the jury that, in estimating the damages, they would consider loss of time, if any, sustained by the plaintiff, because there was no pleading authorizing the submission of any such issue."

"It was error for the court to submit to the jury that, in estimating damages, they could take into consideration plaintiff's diminished capacity to labor, for the reason that there is no pleading in the case authorizing the submission of such issue to the jury."

"The court erred in instructing the jury that they could allow plaintiff damages for lost time and his diminished capacity to labor, for the reason that it allowed a double recovery."

"The court erred in not instructing the jury that plaintiff would be limited in his right to recover in this case to such damages as he sustained within twelve months from the assault."

The first, second, and third propositions are disposed of by what we have already said. We do not think the charge, in mentioning, as it does, the lost time and diminished capacity to labor, directs a double recovery. It first tells the jury that they will allow such damages as seem right and proper under all of the circumstances. It is hardly to be supposed that a jury of the commonest intelligence would conceive it to be right and proper to allow compensation twice for the same loss. On such questions as this, it is fair to allow something for the intelligence of the jurors, and to assume that common sense would save them from the commission of such an error, unless the court, by its charge, should misdirect them.

Unless it be true that the two phrases, "loss of time" and "diminished capacity to labor," are equivalent, or that one wholly includes the other, it can not be maintained that the charge directs a double recovery. In

given cases there may be a loss of time without diminution of earning capacity, and vice versa, as is illustrated in Car Co. v. Smith, supra. But, in most cases of personal injury, loss of time results from total suspension of the power to work, while, if this power is not entirely gone for the time, there is a diminished capacity. This difference between the two elements is suggested to the ordinary mind by the two expressions used. In this case the facts presented both conditions, and the court only told the jury to consider both. It will not be pretended that it would have been right for the court to tell the jury directly to consider only one of these elements, and this shows that it was right for it to allow them in a proper way to consider both.

This being so, the criticism resolves itself into the contention that, in giving an instruction correct in itself, the court should have gone further and guarded the jury, in estimating damages under one head, to avoid a second allowance of damages already given under the other. To this several answers suggest themselves. First, the language used by the court was such as, by its natural meaning, separated the two classes of damage, as before explained. Second, the discrimination was one which any ordinary jury would make. Third, if the charge was deficient, it was not positively erroneous, and a special charge should have been requested to cure the deficiency.

The fifth objection to the instruction is, that it failed to limit the recovery to compensation for damages sustained within twelve months. The twelve months are, we think, to be reckoned from the date of the filing of the petition, and the trial took place within four days after their expiration. A bill of exceptions reserved by defendant shows that, in the introduction of evidence, plaintiff was restricted to proof of damage which occurred within twelve months. The charge refers only to past damage, and to such as the evidence showed. It is thus apparent that the limitation claimed was put upon the recovery. If the defendant wished it put by an instruction, he should have called the court's attention to it. Railway v. Boozer, 70 Texas, 536. The amount of actual damages allowed is moderate, and there is nothing in the record or the size of the verdict to indicate that the jury were in any way misled by the charge.

The following instruction is assigned as error: "If malice has been shown by the evidence, or may be reasonably inferred from the conduct of the defendant as shown in the evidence, you may, in your discretion, give exemplary damages by way of punishment to the defendant, and for the purpose of setting a wholesome example to others." The objection is to the language, "and for the purpose of setting a wholesome example to others."

This is merely explanatory of the nature of exemplary damages, and the purpose for which their recovery is allowed. That they are allowed as a punishment is conceded, and it is not claimed that it was not proper for the court to so inform the jury. The language complained of added nothing, for the idea expressed is included in that of punishment. The

instruction does not, as claimed, allow two kinds of damage, but permits one recovery, stating the purpose for which it may be had.

The mistake of the charge as to the date of the assault was immaterial. Other assignments complain of the charge because of omissions, to which special charges should have been addressed.

The finding of the jury of both actual and exemplary damages is amply sustained by the evidence. There was testimony to show that the assault was unprovoked, and that it was made in such a wanton and cruel manner as to warrant the jury in deeming it malicious. It is hardly necessary to say that previous personal ill will was not essential.

*Affirmed.*

Writ of error refused.