GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY V.
JOHN A. PERRY.

Decided June 21, 1904.

**1.—Charge—Assumed Risk.**

Plaintiff was injured by the "lag-screws," by which a hand-hold on top of a car was fastened, pulling loose and causing him to fall to the ground, and the court, on the subject of assumed risk, charged that plaintiff's assumption of risk ordinarily incident to his employment did not begin until defendant had used ordinary care to securely fasten and maintain in safe condition the hand-holds on its cars. Such charge was error, since plaintiff assumed, in the beginning of his employment, risks ordinarily incident to the use of lag-screw fastenings on hand-holds and also risks of such defects in appliances as would not have been discovered by an ordinarily careful inspection on the part of defendant.

**2.—Same—Safe Appliances—Degree of Care—Case Discussed.**

A charge requiring plaintiff to securely fasten and maintain in a safe condition its appliances, instead of fasten in a reasonably secure manner and maintain in a reasonably safe condition, if error at all, is harmless in view of subsequent portions of the charge. Bering Mfg. Co. v. Peterson, 28 Texas Civ. App., 194, discussed.

**3.—Master and Servant—Duty of Master to Furnish Safe Appliances—Foreign Cars.**

The master is bound to the exercise of ordinary care to furnish reasonably safe appliances for the use of employes, whether these appliances are procured from other roads or owned by the master.

**4.—Charge on Issue Not Raised.**

That the lag-screw appliance in use by defendant was a safe one, if in good condition, being undisputed, it was error to submit to the jury the issue of the duty of defendant to adopt another and different one.

**5.—Same—Measure of Damages.**

A charge on the measure of damages that if the jury should find for plaintiff to assess his damages at such sum as would compensate him for "impairment of his general health, and for the physical injuries he suffered, and for such physical and mental suffering as resulted therefrom, and for the expenses for which he has become liable for medical treatment," was objectionable as allowing double damages and failing to confine the recovery for medical expenses to such sum as was reasonable.

Appeal from the District Court of Harris. Tried below before Hon. Norman G. Kittrell.

*Baker, Botts, Baker & Lovett, Andrews & Ball,* and *C. L. Carter,* for appellant.

*Brown, Lane, Garwood & Parker,* for appellee.

GILL, ASSOCIATE JUSTICE.—John A. Perry brought this suit against the railway company to recover damages for personal injuries alleged to have been sustained by him as the result of a fall due to the negligence of the company in failing to properly inspect and repair a hand-hold on a freight car. The company defended under the general denial and a plea of assumed risk. A trial by jury resulted in a verdict for plaintiff, from which the defendant has appealed.

Plaintiff was a conductor in the service of defendant and on the occasion in question was in charge of a freight train on appellant's line.

In the course of his duties it became necessary for him to mount to the top of a freight car. This was accomplished by means of a ladder composed of rungs fastened to the side of the car and a hand-hold on the top of the car which it was necessary to use in lifting himself to the top after reaching the upper end of the ladder. According to plaintiff's statement the hand-hold pulled out when he undertook to use it and he was thereby caused to fall to the ground, carrying the hand-hold with him. That the hand-hold was actually pulled out is not questioned, and testimony adduced by plaintiff tended to show that the wood to which it was fastened was decayed as indicated by portions of it which clung to the "lag-screws" with which it was fastened to the wood and the pulling out of which caused the fall.

The car from which the plaintiff fell was a foreign car, by which is meant a car which had been delivered to defendant by another road, and which it was its duty under the law (if in good condition) to accept and transport to its destination. The hand-hold in question was fastened by lag-screws, which are large screws screwed through the hand-hold into the wood. This character of fastening is perfectly safe and will hold the weight of any man when the wood is sound and the fastening in good condition. Upon a considerable per cent of the freight cars this character of fastening is still used, though a fastening composed of bolts and nuts is more durable and coming into more general use.

Defendant sought to show that it had exercised reasonable care in inspecting the hand-hold and was therefore not liable, and further that because plaintiff knew that many cars were equipped with the lag-screw fastening he assumed all risk incident to their use.

The court charged the jury among other things that while plaintiff assumed all the risks ordinarily incident to his employment such assumption of risk did not begin until defendant had used ordinary care to securely fasten and maintain in safe condition the hand-holds on its cars.

To this portion of the main charge appellant urges two objections: First. It was erroneous and misleading to say the assumption of risk did not begin until the company had discharged its duty as to ordinary care. Second. It was error to impose the duty to exercise ordinary care to "securely fasten" and maintain in "safe" condition the appliance in question.

As a matter of strict law the charge is not accurate. From the inception of his employment the plaintiff assumed the risks ordinarily incident to the service. The risks superadded by the negligence of the master did not form a part of these unless brought to his knowledge. Applying this principle to the issue in this case we have this result: The risk ordinarily incident to the use of the lag-screw fastening plaintiff assumed, for he knew that many cars thus equipped were handled by appellant. He also assumed the risk of such defects in the appliances as would not have been disclosed to the company by an inspection conducted with ordinary care. This latter risk he assumed in any event,

for if the company had not inspected the car at all, yet if the defect which caused the accident would not have been discovered by a proper inspection, it fell in the category of assumed risks. The error in the charge thus becomes clear, for the assumption of the risk last named began and continued independent of the exercise of care on the part of defendant.

In view of another trial we take occasion to say in this connection that as this record stands it does not present as issues either negligence on the part of the company in handling the car equipped with hand-holds fastened with lag-screws or the assumption by plaintiff of the risk of their use. The fact seems to appear beyond controversy that the lag-screw fastening is a safe appliance when properly attached to sound wood. So fastened it will sustain the weight of any man. The rights of the parties turn upon the exercise of the duty of inspection and repair.

In support of the second objection defendant cites Bering Mfg. Co. v. Peterson, 28 Texas Civ. App., 194, 4 Texas Ct. Rep., 321, a case decided by this court. The reasoning in Galveston H. & S. A. Ry. Co. v. Gormley, 91 Texas, 393, seems to support the proposition announced in Bering's case, supra, and the rule is generally stated that way. It may be that the ideal is absolute safety and that ordinary care should be exercised to its attainment. But if an ordinarily prudent person should assume the task of exercising ordinary care to furnish a safe appliance for the use of his employes, construing the word "safe" in its absolute sense, he would direct his efforts toward the production of such an appliance as would be safe, however carelessly or unskillfully used,—a standard which has nowhere been set for the master. If the words safe and secure be given this significance it can not be doubted that the Bering case, supra, is sound. But there is much force in the suggestion of appellee that the words are not to be taken in their absolute sense unless attended by a word which carries that meaning. It is pointed out that in the case first cited the court in discussing the question was driven to the use of the word "absolute" to make the meaning clear. It is undoubtedly true that a charge which presents the reciprocal duties of the master and servant necessarily qualifies the word "safe" by imposing on the servant the duty of exercising reasonable skill and care in the use of the appliance, and for this reason the error was held to be harmless in Bering's case. Subsequent portions of the charge at hand modify the meaning of the word and the error, if any, is harmless. It is better, however, for the court to use established definitions.

In another portion of the court's charge the jury were instructed that it was the duty of the defendant to use that method of fastening which experience had shown to be reasonably adapted for the purpose intended. In urging the objection to this charge appellant contends that there is a distinction between the duty of defendant as to foreign cars and those of its own. That as to the latter they must select modern

and approved appliances, whereas the law does not require them to change the structure of a foreign car before using it.

We are not prepared to assent to this distinction. It is the general duty of the master to exercise ordinary care to furnish reasonably safe appliances for the use of the employes. Whether these appliances are procured temporarily from other roads or owned by the master is certainly the same to the servant. It seems to us the reasonable and sound rule is that the master should in every case exercise the degree of care which the situation demands. If the appliances upon a foreign car are unfit, the company to which it is tendered may refuse to receive it until placed in good condition, or may accept it and undertake its proper equipment. If ordinary prudence would forbid the use of the appliance already on it, the duty of the master would certainly require him either to change the appliance or put his servants upon notice. But the decision of the question is not material here; hence we do not pause to discuss it further.

As has already been shown it appears beyond question that the lag-screw appliance was a safe one if in good condition, hence the issue of the duty of the company to adopt another and different one is not in the case. For the reason that the issue is not in the case the charge complained of should not have been given.

Under the fifth assignment defendant assails the following portion of the general charge:

"If you find for the plaintiff you will say so by your verdict, and assess the damages at such sum as from all the evidence will, in your sound judgment, fairly compensate the plaintiff for impairment of his general health, and for the physical injuries he suffered, and for such physical and mental suffering as resulted therefrom, and for the expenses for which he has become liable for medical treatment, and for the reduction and impairment of his ability to earn a living in the future, if such injuries to his general health and such expenses and such impairment and reduction in his ability you find he has suffered."

The objections urged are that it allows double damages and fails to confine the recovery for medical expenses to such as were reasonable.

We are of opinion both objections are valid. The first is directly sustained by the case of Railway Co. v. Hannig, 91 Texas, 347. The force of the second objection is sought to be avoided on the ground that only one witness spoke as to the amount of medical expenses, and he testified they were reasonable. The witness' estimate was "five or six hundred dollars." As he did not choose between the two sums, the choice as to what sum was reasonable was for the jury. We are unable to say what sum they awarded for this item. In this state of the evidence the error can not be said to be harmless.

None of the remaining assignments require our notice. For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*