TEXAS ELECTRIC RY. v. WILLIAMS.
(No. 6090.)

(Court of Civil Appeals of Texas. May 28, 1919. Rehearing Denied July 5, 1919.)

1. STREET RAILROADS ⟶117(8)—COLLISIONS —JURY QUESTION.

In an action for injuries to one riding in an automobile struck by an interurban car at a street crossing, where there was evidence that the motorman saw the automobile, and that, though it showed no sign of slowing up, he did not signal the approach of his car, the question whether he was guilty of negligence was properly submitted to the jury.

2. DAMAGES ⟶216(3) — INSTRUCTION — DOUBLE DAMAGES.

In a personal injury action, an instruction accompanying a special issue submitting the question of the amount of damage, which informed the jury that they might take into consideration any loss of time, diminished capacity to labor, impairment of health, pain, and mental suffering, etc., but that they should allow only such sum as would compensate plaintiff for the injuries she had suffered, is not improper as influencing the jury to allow a double recovery for disability to earn money.

3. APPEAL AND ERROR ⟶1068(4)—REVIEW— HARMLESS ERROR.

In a personal injury action, where defendant abandoned on appeal, the contention that the verdict was excessive, an instruction on damages, though it be considered as allowing a double recovery, must be deemed harmless.

4. TRIAL ⟶260(1)—INSTRUCTIONS—REFUSAL.

Where the court at plaintiff's request gave an instruction on a particular issue, the refusal of a similar instruction covered by the one given was not error.

5. APPEAL AND ERROR ⟶1002—REVIEW— VERDICT.

Where there is evidence to support it, a verdict is conclusive as to the facts found, notwithstanding that there was evidence contrary to the facts so found.

Appeal from District Court, McLennan County; Geo. N. Denton, Judge.

Action by Norma Lee Williams against the Texas Electric Railway. From a judgment for plaintiff, defendant appeals. Affirmed.

Sanford & Harris, of Waco, for appellant. Taylor, Forrester & Stanford, of Waco, for appellee.

BRADY, J. Appellee brought this suit against appellant to recover damages for personal injuries alleged to have been sustained by her as the result of a collision between an automobile in which she was riding and an interurban car belonging to appellant. The collision occurred at a crossing in the town of West, at the intersection of Cedar and Reagan streets. Appellee was traveling west over Cedar street, and the interurban car south on Reagan street, and the collision took place a few feet south of the south side of Cedar street. It was alleged in the petition that Cedar street was one of the principal thoroughfares of the town, much used by the traveling public, and that as she and her father approached the crossing in the automobile they were driving at a moderate rate of speed and exercising due care, but that there were houses and shade trees on the north side of the street as they approached appellant's track which obstructed their view of an approaching interurban car; that some children were on the street at or near the railroad crossing, and that she and her father were watching the children, and closely observing their actions in trying to avoid striking and running over them, as they approached appellant's track, and that they did not see the approaching interurban car until just as their automobile was about to enter upon the track. The negligence alleged was that appellant's employés operating the interurban saw the automobile approaching the crossing, and knew that appellee and her father were not aware of the approach of the interurban car, or could have known this by the use of ordinary care, and negligently failed and refused to slacken the speed of the car, and negligently failed to blow the whistle, sound the gong, or give any other signal or warning. Appellee also alleged discovered peril.

Appellant, in addition to a general demurrer and general denial, specially answered, pleading contributory negligence on the part of appellee, consisting of alleged excessive speed in the driving of the automobile, and the negligent failure to stop the automobile before going upon the track, and in turning south in the same direction in which the interurban was moving, and thus striking the interurban car near the front, and in failing to look and listen for the approaching interurban car, notwithstanding appellee was familiar with the crossing and the conditions surrounding the scene of the accident, and could have obtained an unobstructed view of the approaching interurban car at a considerable distance from the track.

The case was submitted to the jury upon special issues, and the jury answered in appellee's favor both the issues of discovered peril and negligence in failing to slacken the speed of the interurban car and in failing to give proper warning of its approach. The jury also found in appellee's favor upon the issue of contributory negligence, and fixed her damages at $750.

With the exception, perhaps, of the issue of discovered peril, we conclude that the findings of the jury are supported by the evidence.

### Opinion.

Several assignments relate to alleged errors in the charge of the court upon the is-

sue of discovered peril, which we deem it unnecessary to decide or to discuss, as we have concluded that the judgment should be affirmed upon other grounds.

[1] The fourth assignment of error complains of the submission by the court of special issue No. 2, because it is claimed that such issue was not warranted by the evidence, and required of appellant a greater burden than that exacted by law, in that the motorman was justified in assuming that appellee would stop the automobile, under all the circumstances, and that he was not required to slacken the speed of the interurban car or give any warning of its approach.

In this special issue the court submitted to the jury the question whether the motorman, under the circumstances of the case, was negligent in failing to slacken the speed of the car or in failing to give proper warning of its approach, if he did fail in either particular, as the car approached the crossing.

We think the evidence was sufficient to require this issue to go to the jury, and that the court did not impose any greater burden upon appellant than was required by the law in submitting the question. There was testimony showing that the motorman saw the approaching automobile as much as 150 feet away from the crossing, and at intervals at less distance, and that it was not slowing up. There was also evidence that the motorman' failed to blow the whistle or sound the gong, or give any other warning of the approaching interurban car. We are in effect asked to say, as a matter of law, that, under these circumstances, no duty rested upon appellant to either slacken the speed of the car or to give warning of its approach. This we are unable to do, and we have concluded that it was proper for the court to leave the question to the determination of the jury. Therefore the assignment will be overruled.

[2] It is next asserted that the trial court erred in the instruction given in connection with special issue No. 6, which related to the question of the amount of damages. This issue and the explanatory instruction are as follows:

"Special Issue No. 6. If you have answered either one or both of special issues Nos. 1 and 2, Yes, then what amount in money, which if paid now would reasonably and fairly compensate the plaintiff for the injuries, if any, she has received? In answering this issue, you may take into consideration any loss of time, if any, diminished capacity to labor, impairment of her health, if you find her health was impaired, also physical pain and mental anguish, if any, suffered by the plaintiff, as a result of the injuries complained of, and you will allow only such damages in money as if paid now would reasonably compensate plaintiff for the injuries which you may find from the evidence she has suffered. Answer this question by giving the amount in money."

The precise point made is that the charge permitted the jury to award damages for physical pain, mental anguish, diminished capacity to labor, and impairment of health, and was erroneous as permitting a double recovery.

We are cited to several cases which it is asserted sustain this proposition, namely, Railway Co. v. Perry, 36 Tex. Civ. App. 414, 82 S. W. 343, Railway Co. v. Butcher, 98 Tex. 462, 84 S. W. 1052, and Railway Co. v. Hannig, 91 Tex. 347, 43 S. W. 508. We do not consider any of these cases as in point, as the charges involved in these cases were not the same as the charge here under consideration. The decision in Railway Co. v. Butcher, supra, is strongly relied upon, but we regard the charge there discussed as distinguishable from the charge in the instant case. The charge before us is more like that quoted in the opinion in Railway Co. v. Morin, 66 Tex. 225, 18 S. W. 503. In the Butcher Case, Justice Brown distinguished the two cases upon the ground that in the Morin Case "the court told the jury to consider the facts grouped in each proposition in arriving at the sum of compensation for all effects of the injuries, while this charge separated the effects of the injuries in such a way as to allow the jury to assess more than one sum for disability to earn money."

We think the distinction is applicable here, and that the jury could not have been misled by the charge into awarding double damages, but that they were merely told, in event they found for plaintiff, to state the amount in money which would reasonably and fairly compensate the plaintiff, and that, in arriving at that sum, they might take into consideration certain elements. This we think was proper to be done, and it could not be fairly said to have influenced the jury to assess more than one sum for the disability to earn money. Knittel v. Schmidt, 16 Tex. Civ. App. 7, 40 S. W. 507.

[3] But, if we should be mistaken in concluding that the charge was not improper, it is regarded as harmless error, in the light of the record. While in the motion for new trial it was urged that the verdict was excessive, appellant does not now make the contention, and no assignment is presented attacking the amount of the verdict. Therefore upon the assumption that there was error in the charge, it is not shown that any injury was done. The assignment is overruled.

[4] The sixth assignment complains of the trial court's refusal to give special charge No. 2 requested by appellant, upon the issue of contributory negligence. The requested charge undertook to specifically present the defense that appellee was guilty of contributory negligence, under the circumstances, in failing to look and listen for the approaching interurban car; whereas the charge of the court in special issue No. 3 submitted the matter of contributory negligence generally. It appears from the record, although appellant's counsel did not call attention to that

fact in the brief, that the court did give, at appellant's request, its special charge No. 3 in connection with special issue No. 1, and the requested charge as given fully covered this specific defense in the language chosen by appellant's counsel in framing it, and it is not believed that appellant was entitled to another instruction upon the same subject. For this reason the assignment will be overruled.

[5] The seventh and concluding assignment is to the effect that the trial court erred in refusing a new trial because of the failure of the evidence to show any negligence on the part of the motorman, and because the undisputed evidence shows that appellee, with a knowledge of the surrounding conditions, and of the fact that interurban cars were operated along and over the track at regular intervals, failed to look or listen, or exercise any care in approaching the crossing, or in attempting to stop the automobile.

While there is much testimony in the record to support appellant's theories, there is also evidence sustaining appellee's claims of negligence by appellant, and freedom from negligence on her part. We cannot agree that either the undisputed evidence or the overwhelming weight of the evidence showed that appellant was not guilty of negligence, or that appellee was guilty of contributory negligence; in other words, that the verdict and judgment are against the undisputed evidence or the overwhelming weight of the evidence. Such being the case, it was proper for the trial court to submit the respective issues to the jury for their decision, and the verdict is conclusive as to the facts found; there being evidence to support them.

Finding no reversible error in the judgment, it is affirmed.

Affirmed.