### TEXAS & N. O. R. CO. v. CUMMINS.
### (No. 7312.)

(Court of Civil Appeals of Texas. Galveston. Feb. 20, 1917.)

**1. CONTINUANCE ⬅➡20(3)—ABSENCE OF COUNSEL.**

Voluntary absence of counsel on account of important professional business in the Court of Civil Appeals is not ground for continuance, especially where it is not affirmatively shown that his client will suffer by his absence.

[Ed. Note.—For other case, see Continuance, Cent. Dig. § 55.]

**2. CONTINUANCE ⬅➡26(4)—ABSENCE OF WITNESS—DILIGENCE.**

Failure of defendant railroad to notify its attorney of discharge of its employé, an important witness, that proper process might issue for such witness, was such negligence as justified the trial court in finding that proper diligence to have the witness present at the trial was not exercised by the road, so that continuance for his absence was properly denied.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. § 78.]

**3. APPEAL AND ERROR ⬅➡1043(7)—HARMLESS ERROR—DENIAL OF CONTINUANCE.**

Action of the trial court in overruling motion for continuance to procure cumulative testimony of an absent witness does not present such error as should cause reversal of the judgment entered against defendant, who asked continuance.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4121.]

**4. NEW TRIAL ⬅➡102(3)—NEWLY DISCOVERED EVIDENCE—DILIGENCE.**

In suit against a railroad for damages to an automobile in a crossing collision, where, in defendant's motion for new trial for newly discovered evidence, there was no statement as to what effort was made by defendant to learn of the witness' presence at the time and the place of the accident, and, though it was shown

that the witness at the time of the accident was the employé of a company in the city, no postponement of trial was requested by defendant to try to obtain the witness' testimony, and no subpœna asked to compel his attendance after another witness had testified and apprised defendant of the importance of his testimony, and several other witnesses introduced by defendant testified practically to all the material facts that the absent witness would have testified to if present, the trial court properly overruled defendant's motion for new trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 212.]

Appeal from Harris County Court at Law; Murray B. Jones, Judge.

Suit by William H. Cummins against the Texas & New Orleans Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Lane, Wolters & Storey and Thos. B. Blanchard, all of Houston, for appellant. Cooper & Merrill, of Houston, for appellee.

LANE, J. This suit was instituted by William H. Cummins, plaintiff, against the Texas & New Orleans Railroad Company, defendant, on the 21st day of August, 1913, to recover for damages alleged to have been occasioned by the negligence of the servants of said railroad company.

Plaintiff alleged, among other things, that on or about the 12th day of July, 1913, his automobile was in charge of and being driven by one W. Richardson, and that while driving said automobile across defendant's tracks at a public street crossing, known as Hardy Street crossing, in the city of Houston, said automobile was struck by one of the defendant's engines and damaged. The only grounds of negligence alleged that were submitted by the court were: First, that the defendant had constructed a flagman's booth which was so situated as to prevent the said Richardson, when approaching the crossing, from seeing the engine as it approached; and, second, that the flagman stationed at said crossing failed to warn the driver of plaintiff's automobile of the approach of said engine, and was acting in such manner as to lead the said Richardson to believe that said crossing was clear. Defendant answered by general demurrer, general denial, and specially alleging that the locomotive which struck plaintiff's automobile was being operated in a careful and cautious manner, and by experienced employés, at the time of the accident complained of; that the bell was rung and the whistle blown as the train approached said crossing, as required by law, and that said engine was being operated at a rate of speed not exceeding four miles an hour; that the driver of plaintiff's automobile was guilty of contributory negligence, in that he was driving said automobile at a rapid and dangerous rate of speed, and that said driver did not use ordinary care in approaching said crossing to discover the approach of said engine upon said track, and that by the use of ordinary care said driver could have

discovered said approaching engine in time to have avoided the injury and damage complained of, and that he drove said automobile upon defendant's track in a reckless and dangerous manner, and wholly disregarded the safety of himself and said automobile.

The case was tried before a jury upon special issues to which they answered in substance as follows:

(1) The flagman of the defendant at the point of accident did not use ordinary care to give the driver of the automobile in question any signal or warning of the approach of the engine which came in contact with and damaged plaintiff's automobile.

(2) The driver of said automobile could not, by the exercise of ordinary care, have observed the approach of the engine which damaged said automobile in time to have prevented the same from being struck by said engine.

(3) The driver of said automobile exercised ordinary care in approaching the railroad crossing where said automobile was damaged, to discover the approach of said engine.

(4) The driver of said automobile was not guilty of "negligence," as that term has been defined to us, in attempting to cross the track of the defendant company at the time of said accident.

(5) The market value of said automobile immediately before it was struck by said railroad engine was $575, and its market value immediately after being struck was $250.

Upon such answers of the jury the court rendered judgment for plaintiff against defendant for the sum of $372.40.

By appellant's first assignment it is insisted that the trial court erred in refusing the defendant's application for a postponement of the trial. It being made to appear by said application that Lee C. Ayers, of the firm of Lane, Wolters & Storey, was leading counsel for defendant, and that he had been ill for several months prior to the day said cause was called for trial, and therefore had not been able to give the case such attention as was necessary to prepare it for trial, and that the case had been turned over to Paul Kayser, of said firm, for attention, and that on the day said case was called for trial Paul Kayser was in attendance upon the Court of Civil Appeals at Galveston, and for that reason was not present to conduct the trial of this case. It being further alleged in said application that said Ayers could not conduct the trial of the case in such manner as to do justice to the defendant because of his recent illness.

[1] It appears from the record before us that this suit was instituted in August, 1913, and was continued from term to term and was finally set down for trial by the court on the 16th day of December, 1915; that such setting had been made for several weeks before the day set and was known to counsel for both parties; that Mr. Lee C. Ayers and Mr. Adamson, of the firm of Lane, Wolters

& Storey, were present and actively participated in the trial of said cause. If the rights of defendant suffered by reason of the absence of Mr. Kayser there is nothing in the record to show it. There is no attempt to show that Messrs. Ayers and Adamson did not in fact give the case proper attention and look after defendant's rights with their usual skill and ability. It is nowhere shown that any probable injury resulted to defendant by the refusal of the court to grant the postponement asked. The voluntary absence of counsel on account of important professional business in the Court of Civil Appeals is not ground for a continuance. Especially is this true where it is not affirmatively shown that the party had suffered by such absence of counsel. Hagerty v. Scott, 10 Tex. 520. We overrule the first assignment.

After defendant's application for postponement had been refused by the court, defendant filed and presented its motion for a continuance, because of the absence of their witness, William Sharbeart, a former flagman of the defendant. It is stated in said motion that if said witness was present, he would testify that at the time of the accident and immediately before the same, he was, as such flagman, at his post of duty, and that when the driver of plaintiff's automobile approached the point where Hardy street crosses defendant's railway track, witness gave said driver warning of the approach of the engine which injured said automobile; that he did flag said driver, but the driver disregarded said warning and drove his automobile very rapidly upon the track of defendant, and tried to cross said track ahead of said engine. It is further stated in said motion:

"That said witness is not absent with the consent or on the procurement of this defendant, but this defendant fully expected said witness to be present at the trial of this case to-day; that at the time of said accident and for a long time prior thereto said witness was an employé of this defendant, and in response to its request has heretofore been present as a witness in said case at each previous setting of this case where said case was not continued prior to the date of the setting; that as shown by the docket of this court there was no setting of this case between October 9, 1914, and October 7, 1915, and on said latter date, while the docket entry is to the effect that the case was continued by defendant, the case in reality was continued by agreement between the attorneys on each side of the case, on account of the illness of the said Lee C. Ayers, but under said agreement the continuance was charged to this defendant, and said cause was not continued on account of any of said witnesses, and when said agreement was reached, the attorneys in charge thereof immediately advised the defendant's claim department of the continuance of said case, and that it was unnecessary to have any of said witnesses present, and this affiant cannot state as a fact whether or not the said flagman was present in court on October 7, 1915; that as soon as defendant's counsel ascertained that this case was set for December 16, 1915, they immediately notified defendant's claim department of the setting of said case, and requested the presence of all of its witnesses, and was not informed until this morning that the said flagman had left the employ of defendant, and his whereabouts could not at this time be ascertained; that while the defendant will probably, and expects to, prove by other witnesses that they saw said flagman at his post of duty waving his flag as warning of the approach of said engine at said time, yet such testimony is not as strong or as satisfactory as the testimony of said flagman himself, who will testify as hereinbefore set out; that no subpœna was issued for said witness for the reason that said witness was an employé of this defendant, and was subject to its orders; that since this case has been set for trial and notice thereof given to the claim department, this affiant is informed by defendant's claim agent that he has made diligent effort to ascertain the whereabouts of said witness by inquiring of said witness' former friends and acquaintances, but that so far he has been unable to locate him, but he has every reason to believe, through defendant's claim department, that said witness can be located before the next term of court and will be present at the trial of this case at said term."

This motion was verified by Lee C. Ayers, attorney for defendant. The court overruled said motion, and the action of the court in so doing is made the ground for appellant's second assignment of error.

[2] We do not think the court erred in overruling said motion because, first, proper diligence to procure the attendance of the witness is not shown. If the witness had been discharged by defendant, it, of course, knew that fact, and knew that said witness was no longer under its control. It then became the duty of defendant to notify its attorney of such discharge, so that he might have proper process to issue for said witness, if he desired to obtain his testimony. The failure of defendant to so notify its attorney of such discharge that such process might issue was such negligence as justified the trial court in finding that proper diligence to have the witness present at the trial was not exercised by defendant.

[3] It is also shown that the witnesses A. J. McCrocklin, John Wilson, and Robert Coleman all testified that the flagman, Sharbeart, was at his post of duty, and that he flagged those approaching the crossing in question at the time of the accident that caused the injury to plaintiff's automobile. It is thus made to appear that the testimony of the absent witness would have been cumulative of the facts proven. In such case the action of the court in overruling a motion for continuance to procure the testimony of the absent witness does not present such error, if any, as should cause a reversal of the judgment entered against the appellant for such continuance. We overrule the second assignment.

In appellant's motion for new trial the trial court was asked to grant it a new trial that it might have the benefit of what is alleged to be newly discovered evidence material to its defense. It is alleged in the motion that after Robert Coleman, a witness for appellant, defendant in the court below, had testified that he was present at the time and place where the accident in question in this case occurred, and that he was the driver of a certain lumber wagon, shown by all

the evidence to have been near the place of the accident, one Charlie Jones was introduced by plaintiff as his last witness in rebuttal, and that said witness Jones testified: That Robert Coleman was not present at the time and place of the accident. That Robert Coleman was not the driver of said wagon that was stopped near the scene of the accident, but that one Tom McKinney was the driver of the wagon, and that he, Jones, stopped the driver of the wagon when he approached the railroad crossing. That appellant attaches to said motion the affidavit of Tom McKinney, as follows:

"Houston, Texas, December 18, 1915.

"State of Texas, County of Harris.

"Before me, the undersigned authority, on this day personally appeared Tom McKinney, who, being by me duly sworn, deposes and says: That during the summer of 1913 I was in the employ of the W. T. Carter Lumber Company, and some time during that summer I was present on Hardy street, driving a loaded wagon containing lumber, on one of the Carter Lumber Company's wagons, going north on Hardy street, and just before I reached the T. & N. O. crossing on Hardy street a flagman stationed at said crossing waved his flag for me to stop, and in compliance with said warning I stopped my team so that the heads of my mules were about 15 feet from the first railroad track. After I had stopped my team I noticed that the flagman was still waving his flag, and I looked back to see what he was waving it for, when I noticed an automobile being driven rapidly, approaching said crossing on my left. The automobile was being driven rapidly. It made a whizzing sound as it passed me, and continued across said railroad track, swerving to the left, as it appeared to me, in order to beat the engine across. The automobile was near the west side of Hardy street, or the left-hand side of said street, going north, and near the curbing when the engine struck the automobile.

"I know Charlie Jones quite well, and have known him nearly 20 years. I did not see him that morning until after the engine struck the automobile. Mr. Jones did not holler to me to stop, neither did he say anything to me until after the accident happened. After the accident happened Mr. Jones walked by my wagon and said to me: 'Did you see that accident?' I told him I did. And he said: 'It looks like the fellow tried to kill himself, didn't it?' I am positive that the flagman gave me warning of the approach of the engine, and that I stopped my team in compliance with said warning. I am also positive that Mr. Jones did not attempt to stop my team, and did not say a word to me until after the accident in question, neither did I see Mr. Jones until after the accident.

"I know Robert Coleman well. He was working with the Carter Lumber Company at the same time that I was. When I left the lumber yard that morning he was on his wagon, leaving the yard about a block behind me. I did not notice him after that, neither do I know where he was when the accident occurred. I was the first man that was stopped by the flagman. He continued to flag, and I noticed that several other vehicles were stopped behind me, but I paid no attention as to whose they were, neither do I know who were in those vehicles. When I was stopped by the flagman I could plainly see the engine at least 50 feet east of Hardy Street.

"The accident that I have referred to above was the only accident I ever saw at the Hardy street crossing of the Texas & New Orleans Railroad Company. Tom McKinney."

That the testimony of Tom McKinney can be procured at the next term of the court if a new trial is granted, and that he will testify substantially as indicated in the affidavit. That defendant or its agents or attorneys knew nothing of this testimony until after the same was disclosed by the testimony of Charles Jones. That defendant's claim agent made search for Tom McKinney after the trial, and brought him into the office of defendant's counsel, who procured his affidavit attached to the motion.

[4] The court overruled the motion, and appellant has made the action of the court in so doing the grounds of its third assignment of error. That the testimony of Tom McKinney as disclosed by his affidavit was relevant and material to the defense of the defendant must be admitted. But in view of the fact that there is no statement in the motion as to what effort was made by defendant to learn of the presence of Tom McKinney at the time and place of the accident, and in view of the fact that, although it was shown that Tom McKinney was at the time of the accident an employé of the Carter Lumber Company in the city of Houston, and that no postponement of the trial was requested by defendant for the purpose of trying to obtain the testimony of said witness, and no subpœna asked for to compel his attendance upon the court after Charlie Jones had testified and apprised defendant of the importance of McKinney's testimony, and in view of the further fact that several witnesses introduced by defendant have testified practically to all the material facts which McKinney would have testified to if present, we do not think the court erred in overruling the motion. We think the trial court could very reasonably have concluded that if diligent inquiry had been made by defendant as to who was present at the time and place of the accident, it could not have failed to have discovered that McKinney was there, and, after having so discovered, could have informed itself as to his testimony, and that its failure to so do showed a want of proper diligence. We also think the court would have been justified in concluding that defendant was negligent in not making some effort to get the witness before the court after Jones testified, it being made to appear that the witness lived in Houston and was probably in the employ of a lumber company whose place of business was well known. We also think the court must have concluded that the material testimony expected of the witness was cumulative only of other testimony on the same issue. For the reasons stated the third assignment is overruled.

We have very carefully reviewed and considered the evidence tending to support appellee's contention that appellant's flagman did not use ordinary care to flag the driver of appellee's automobile, or otherwise warn him of the approach of the engine which ran

against and damaged said automobile, as well as that with reference to the question of negligence on the part of said driver, and have reached the conclusion that such evidence was sufficient to require the trial court to submit these issues to the jury, as well as to support the verdict of said jury. We have considered all of appellant's assignments, and believe that what has been stated disposes of all of them. Finding no error committed by the trial court in the trial of this case, the judgment of such court is affirmed.

Affirmed.