EARLY-FOSTER CO. v. EL CAMPO RICE MILLING CO. (No. 2134.)

(Court of Civil Appeals of Texas. Texarkana. May 17, 1919. Rehearing Denied May 22, 1919.)

1. CONTINUANCE �kö=20(5)—ABSENCE OF ONE OF DEFENDANT'S COUNSEL—DISCRETION.

Where an action for breach of contract was filed March 22, 1917, and was called for trial July 23d following, when a postponement was obtained until August 23d, at which time continuance because of the absence of one of defendant's attorneys was refused, the trial court did not abuse its discretion where there was nothing to indicate that defendant was deprived of any defense or that it was not ably and fully represented.

2. APPEAL AND ERROR ⊙=1054(1)—REVIEW—INTRODUCTION OF EVIDENCE.

Where the case is tried to the court, and there is sufficient evidence not objected to to sustain his findings upon all the material facts to support the judgment, the case will not be reversed because of objections to the introduction of testimony.

Appeal from District Court, McLennan County; Geo. N. Denton, Judge.

Action by the El Campo Rice Milling Company against the Early-Foster Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Gallagher & McCullough, of Waco, for appellant.

D. A. Kelley, of Waco, and Geo. P. Willis, of El Campo, for appellee.

HODGES, J. This appeal is from a judgment against the appellant of $1,808.75 as damages for the breach of a contract. The case was tried before the court, and the following are, in substance, the findings of

fact filed: On November 1, 1916, the appellee and the appellant entered into a written contract whereby the appellee was to sell and the appellant to purchase 3,000 bags of Blue Rose rice of 100 pounds each at 4 cents per pound, and 500 bags of 100 pounds each of Honduras rice at 4½ cents per pound, the rice to be delivered f. o. b. the cars at El Campo, Tex., during November and December, 1916. It was further agreed that, if the rice was held over till January, an additional amount of one-sixteenth of a cent a pound was to be added to the purchase price. The total amount of the contract price, including brokerage charges, was $14,188.75. The appellee was at all times ready and willing to perform its contract, and repeatedly asked the appellant for shipping instructions, which were never given. Appellant refused to accept and pay for the rice according to the terms of the agreement. In February, 1917, after giving the appellant notice that it would do so, the appellee sold the rice in the open market for the sum of $12,380, leaving a net balance of $1,808.75, for which judgment was rendered. The court also finds that the sale of the rice was fairly made, and that the price realized was the reasonable market value of the rice at that time. An examination of the record shows that, while upon some of the issues of fact the testimony was conflicting, there was sufficient evidence to support all of the findings made by the court.

[1] The appellant complains of the refusal of the court to grant a continuance of the case because of the absence of its attorney, Judge J. N. Gallagher. The bill of exception shows that the suit was filed March 22, 1917, by Hon. Allen D. Sanford, who later withdrew from the case because of other business engagements. On July 23d following the case was called for trial, when Judge Gallagher appeared as counsel for the appellant and secured a continuance, or postponement, till August 23d. When the case came up for trial the second time Judge Gallagher was absent at Mineral Wells, and the appellant was represented by Judge J. L. McCullough, who presented the application for a continuance. The application was sworn to by an agent of the appellant, who stated, upon information and belief, that Judge Gallagher was absent because of ill health. Upon the refusal of the motion to continue Judge McCullough filed a special answer and represented the appellant in the trial of the case. There is nothing in the record to indicate that the appellant was deprived of any defense by reason of the failure to be represented on that occasion by Judge Gallagher, or that it was not ably and fully represented by the attorney who tried the case. We cannot say that the trial court abused his discretion in refusing to grant the continuance.

[2] There are some objections urged to the introduction of certain testimony relating to some correspondence between the parties prior to the time the rice was sold. The trial was before the court, and there was sufficient evidence not objected to to sustain his findings upon all the material facts to support the judgment.

The judgment will therefore be affirmed.