**SPIRITUAL TEMPLE et al. v. WHEELER et al.**

No. 12283.

Court of Civil Appeals of Texas. Fort Worth.

March 22, 1930.

Rehearing Denied April 26, 1930.

F. M. Brantly, of Fort Worth, for appellants.

Mayer & Rowe and Bryan, Stone, Wade & Agerton, all of Fort Worth, for appellees.

DUNKLIN, J.

This suit was instituted in the name of the "Spiritual Temple," a corporation incorporated under the statutes of the state of Texas for public worship and "the inculcating and dissemination of the truths, the philosophy and science and religion of Spiritualism," having its domicile and headquarters in the city of Fort Worth, Tarrant county, by C. L. Sharp and J. E. Turner, members of its board of trustees, suing in its behalf. The defendants in the suit were Chas. A. Wheeler, John W. Wray, Max K. Mayer, the Acme Laundry Company, a corporation, and the Employers' Indemnity Corporation.

The first count in plaintiffs' petition was a suit in trespass to try title of two lots of land situated in the city of Fort Worth, under claim of title by virtue of two deeds of conveyance to the Spiritual Temple, one dated February 28, 1898, and the other of date December 19, 1898. In the second count in plaintiffs' petition, it was alleged that the defendant Wray while purportedly acting in behalf of the Spiritual Temple, did, on March 24, 1905, execute a deed of conveyance to one of said lots, said conveyance being in favor of S. L. Edmondson, and that thereafter other deeds of conveyance were made purporting to convey the title to the two lots to the defendants John W. Wray, Max K. Mayer, and Chas. A. Wheeler, respectively; that the defendant Chas. A. Wheeler executed a mortgage lien on the property in favor of the Employers' Indemnity Corporation, who now holds the same, and that the defendant Acme Laundry Company, a corporation, is also claiming some title or interest in the property.

It was further alleged that the deeds so executed by the defendant Wray were execut-

ed without lawful authority from the Spiritual Temple, and were therefore void and that the other defendants knew of such lack of authority in Wray to execute the same, and by reason thereof all of said defendants were chargeable as trustees, holding whatever interest they acquired for the benefit of the Spiritual Temple; and that all of the deeds and mortgage liens so executed to the defendants should be canceled and set aside.

There was a further prayer for a personal judgment against the defendants Wheeler, Wray, and the Acme Laundry Company for the sum of $15,000 as the value of a building that was situated on the premises, which was alleged to have been destroyed by those defendants, and also for a personal judgment against all the defendants for the value of the use of the premises alleged to have been withheld from the plaintiffs, in the sum of $25,000.

The defendants filed answers embodying general demurrers, a plea of not guilty and pleas of limitation; the statutes of two and four years limitation being urged to plaintiffs' suit for personal judgment, and the statutes of three, five, and ten years limitation being urged to the suit for title to the property; and the same statutes of limitation being urged by the Employers' Indemnity Corporation.

Upon the trial of the case before a jury a verdict was returned in favor of all the defendants in obedience to a peremptory instruction from the court, and from a judgment rendered in conformity to that verdict, the plaintiffs have prosecuted this appeal.

■ Error has been assigned to the action of the court in overruling plaintiffs' application for a continuance, which was presented on February 27, 1929, when the case went to trial.

The following facts are recited in the court's qualifications to the bill of exception when the motion for continuance was overruled, to wit: The case was first called for trial on December 7, 1928, at which time a motion to continue was presented by Mr. S. C. Padelford, one of the counsel for plaintiffs, on account of illness of F. M. Brantly, the leading counsel for plaintiffs, and the first counsel to be employed by them; Mr. Padelford stating at the time that Mr. Brantly was first employed and was leading counsel for plaintiffs, and that he, Padelford, was only an assistant counsel for plaintiffs. Thereafter, and in due course, the case was set for trial on February 13, 1929, at which time Mr. Brantly, counsel for plaintiffs, made an oral application for continuance, on account of the absence of Mr. Padelford, who was confined to his bed on account of illness, and that plaintiffs could not safely go to trial in the absence of Mr. Padelford. Thereupon and in obedience to that application, the court post-

poned the trial until February 25, 1929, and announced to Mr. Brantly and plaintiff Sharp that the postponement was granted in order to afford plaintiffs time to employ assistant counsel if they so desired. Later, when the case was again called for trial, on February 25th, Mr. Brantly again applied for a continuance, on account of the continued illness of Mr. Padelford, stating at the time that Mr. Padelford was leading counsel for plaintiffs and that no other counsel had been employed to assist Mr. Brantly. In obedience to that application the court again postponed the trial until February 27, 1929, in order to afford plaintiffs an opportunity to employ additional counsel. The case was then called for trial on February 27th and was tried on that date, and at the time it was so called the further application for a continuance or postponement was overruled. It further appears that Mr. Padelford died during the trial of the case on its merits.

The record shows that Mr. Brantly represented plaintiffs throughout the trial, and there is an absence of any showing that their interests would have been better represented if Mr. Padelford or some other counsel had assisted Mr. Brantly in the trial. Such being the showing in the record, we overrule the assignment of error to the denial of plaintiffs' application for continuance. Rule 49 for District and County Courts; Early-Foster Co. v. El Campo Rice Milling Co. (Tex. Civ. App.) 212 S. W. 964; Kingman-Texas Implement Co. v. Herring Natl. Bank (Tex. Civ. App.) 153 S. W. 394, 395; Watkins v. Atwell (Tex. Civ. App.) 45 S. W. 404; Ivey v. Neyland (Tex. Civ. App.) 11 S.W.(2d) 608.

■ The record shows that none of the defendants are now claiming title to the property except the defendant Chas. A. Wheeler, who claims under the warranty deed of conveyance executed by John W. Wray to him, dated March 8, 1910, and which was duly recorded in the deed records of Tarrant county on March 16, 1910. The uncontroverted proof introduced was that since the date and recordation of that deed and up to the institution of this suit, on July 18, 1928, the defendant Wheeler has been continuously in peaceable and adverse possession of the property, using and enjoying the same and paying taxes thereon and claiming the same under said deed of conveyance to him, thus establishing in him clear title to the property under both the five and ten years statutes of limitation, which were specially pleaded by him.

The consideration for the conveyance from Wray to Wheeler consisted of two vendor's lien promissory notes, one for the sum of $11,000 and the other for the sum of $7,000, each payable on or before ten years after date with interest at the rate of 7 per cent. per annum. Wray continued to hold both of those notes for some eight years after their execution, and then on October 1, 1918, transferred

the $11,000 note to defendant Mayer; and during the year 1920, after he had received payment of $2,000 thereon, he transferred and assigned the $7,000 note to the defendant Employers' Indemnity Corporation, who also at the same time acquired the $11,000 note from Max K. Mayer. Thereafter the defendant Employers' Indemnity Corporation executed two extension agreements, extending the date of maturity of the two notes to March 8, 1930, and still holds the same, all those transactions being for a valuable consideration paid without notice of any vice in the notes.

It follows, from the facts above recited, that at all events, the Employers' Indemnity Corporation acquired title to those notes under its pleas of limitation; and its plea of innocent purchaser of the notes for a valuable consideration.

It appears that the Spiritual Temple was duly incorporated on February 4, 1898, with a capital stock of $10,000 divided into shares of $10 each. That after the corporation was formed it acquired the property in controversy from Mrs. Josephine Ryan; that John W. Wray acquired the majority of the capital stock at the time and later acquired all of the balance except one or two shares, each of the par value of $10; that he advanced the money to pay for the property, also to erect a building thereon, and to furnish the same. It further appears that after the incorporation one of the lots in controversy was conveyed by John W. Wray, as president of the Spiritual Temple, to S. L. Edmondson, on March 24, 1905; that S. L. Edmondson executed a deed to John W. Wray on March 25, 1905 to the same property; that John W. Wray, as president of the Spiritual Temple, executed another deed of conveyance to Max K. Mayer to the other lot, of date March 8, 1910; that on the same date Max K. Mayer reconveyed the property to John W. Wray, and that on March 8, 1910, Wray executed a deed of conveyance to Chas. A. Wheeler, under which the latter claims title.

█ A bill of exception appears in the record, taken by attorney for the plaintiffs, which recites that after the conclusion of the evidence introduced by all parties and of argument of counsel thereon, and after counsel for plaintiffs had handed to the court several requested issues which they desired to be given to the jury in plaintiffs' behalf, the court called counsel for all parties to the bar and stated that he desired to hear from counsel for all parties as to what charge the court should give to the jury. In the course of the discussion which then ensued, counsel for plaintiffs announced to the court that plaintiffs did not ask for any judgment against either the defendant Max K. Mayer or the defendant John W. Wray, but insisted

on a judgment against Chas. A. Wheeler for the property in controversy. The court then announced that under the undisputed evidence the cause of action asserted by plaintiffs against Wheeler for the property and against all other defendants was barred by limitation and accordingly gave to the jury the peremptory instruction as to all the defendants.

Obviously, the statement so made by plaintiffs' counsel, to the effect that no personal judgment was sought against Mayer and Wray, amounted to an abandonment of claim for such judgment as against them, and for the reasons noted above the trial court did not err in instructing a verdict in favor of all the defendants. This conclusion renders it unnecessary to discuss other issues in the case, such as the question of whether or not plaintiff C. L. Sharp and J. E. Turner, as trustees of the Spiritual Temple, were authorized to institute and prosecute this suit in the name and for the benefit of said corporation; and whether or not the court erred in admitting testimony of conversations between Wray and Mayer and Wray and Wheeler, and other matters complained of in other assignments of error, none of which bore upon the defenses of limitation discussed above.

Accordingly, the judgment of the trial court is in all things affirmed.