**TRADERS & GENERAL INS. CO. v. GRAY.**
No. 3082.

Court of Civil Appeals of Texas. Waco.
April 16, 1953.

Rehearing Denied May 7, 1953.

Butler, Binion, Rice & Cook, Houston, Weldon B. Davis, Bellville, W. N. Blanton, Jr., Houston, for appellant.

Helm & Jones, Houston, W. I. Hill, Bellville, Raymond L. McDermott and Mabel G. Howell, Houston, for appellee.

HALE, Justice.

This is a workmen's compensation case. A jury trial, beginning on June 18, 1952, resulted in a special issue verdict and judgment in favor of appellee for 50% partial incapacity covering a period of 200½ weeks commencing September 8, 1951.

By the first point in its brief appellant says the trial court erred in overruling its application for a continuance. The application was based upon the absence of Hon. Frank J. Knapp, an associate in the law firm of Butler, Binion, Rice and Cook, attorneys for appellant and of E. J. Griffin, alleged to be a material witness in the case. Upon presentation of the application to the court, counsel for appellee requested permission to introduce evidence in opposition to the same, and this was done.

From the record before us it appears that this suit was filed on February 9, 1952 and was thereafter regularly set for trial for June 3d. On the latter date, however, the case was passed by agreement of the parties in order that counsel for appellant might take the oral deposition of appellee. This deposition was taken on June 12th by

Hon. W. N. Blanton, Jr., an associate in the law firm of Butler, Binion, Rice and Cook. Thereupon, counsel for appellee requested an early trial of the case, it was again set for June 18th and counsel for appellant were promptly notified of such setting. The application for continuance was verified by the oath of attorney Blanton. It was therein alleged that E. J. Griffin of Beeville, Texas, was a material witness on behalf of appellant, in that he would testify, if present at the trial, that appellee was intoxicated at the time of the accident of which he complained. It was further alleged that appellant had used due diligence to secure the testimony of the witness, but had just discovered that he was in the Republic of Mexico and that his testimony could not be procured at this time.

After due consideration of the record as a whole, we have concluded that the court below did not err in overruling appellant's application for a continuance on either of the grounds therein alleged, for reasons to be noted briefly.

Rule 253, Texas Rules of Civil Procedure, provides in effect that the absence of counsel will not be good cause for a continuance or postponement of a case when called for trial, except it be allowed in the discretion of the court upon cause shown or upon matters within the knowledge or information of the judge to be stated on the record. It is generally held that no abuse of discretion is shown in the denial of a continuance based upon the absence of counsel, where another attorney represented the complaining party at the trial of the case and there is nothing to indicate that the complaining party was deprived of any defense by the absence of the original attorney or that it was not ably and fully represented by the attorney who tried the case. 9 T.J. p. 667, Sec. 17; Springfield Fire & Marine Ins. Co. v. Barnett, Tex.Civ.App., 213 S.W. 365; Early-Foster Co. v. El Campo Rice Milling Co., Tex.Civ.App., 212 S.W. 964; Texas & N. O. R. Co. v. Cummins, Tex.Civ.App., 193 S.W. 161.

The evidence shows that the law firm of Butler, Binion, Rice and Cook, with whom attorneys Knapp and Blanton are associated, has approximately 20 lawyers connected with it. Attorney Blanton, who took the deposition of appellee on June 12th and who tried the case on June 18th, has been associated with his firm for 13 years, with the exception of the time he served in the military forces during the recent war. This record affirmatively demonstrates the fact that he is a competent and skillful attorney, and we find no indication that appellant was deprived of any defense it might have had by reason of the absence of attorney Knapp, or that it was not ably and fully represented by attorney Blanton. Consequently, we cannot say the court erred to the prejudice of appellant in refusing to continue the case on the ground of attorney Knapp's absence, notwithstanding the fact that the latter was engaged at the time of this trial in the trial of another case in another court. Commercial Standard Ins. Co. v. E. P. McKnight Chevrolet Co., Tex.Civ.App., 43 S.W.2d 636 (er. ref.); Thompson & Scott v. Hart, Tex.Civ.App., 157 S.W. 184 (er. ref.).

Although it was alleged in the application for continuance that appellant had used due diligence to procure the testimony of Griffin as a witness, the application did not contain any allegation of fact upon which the conclusion of diligence was based, as required by Rule 252, T.R.C.P. Furthermore, the testimony elicited from attorney Blanton on the hearing of the application shows that he had never talked with Griffin and while he claimed to have in his possession a written statement signed by Griffin, he refused to exhibit the same to counsel for appellee and he did not offer to introduce the same in evidence. There was no showing in the application or the evidence adduced in connection therewith that appellant or any of its attorneys had made any effort to take the deposition of Griffin and there was no showing of any facts which would justify appellant's failure to take the deposition of Griffin if it wished to avail itself of his testimony on the trial of the case. Therefore, we do not think the court erred in denying a continuance on the ground of

Griffin's absence as a witness. Fritsch v. J. M. English Truck Line, Inc., Tex.Sup., 246 S.W.2d 856; Texas Employers' Ins. Ass'n v. Locke, Tex.Civ.App., 224 S.W.2d 755 (er. ref. n. r. e.); Peurifoy v. Davis, Tex.Civ.App., 101 S.W.2d 625 (er. dis.).

■ Under the second point in its brief appellant says the court below erred in permitting appellee to testify over timely objections as to the issue of his intoxication. Appellant alleged in its trial pleadings that appellee was in a state of intoxication at the time he sustained the injuries of which he complained. Appellee testified in effect that he was not intoxicated at that time; that he began work on the day of the accident at 4:00 o'clock P. M. and was injured about two hours later; and that he was working in a derrick about 80 feet above the ground when he lost his footing and fell on what is known as the "monkey board." During the course of his direct examination, the following proceedings were had:

"Q. Mr. Gray, do you ever go out on a drilling rig drunk and intoxicated, anything of that sort? A. No sir; I never have.

"Q. What happens if a man tried to do that kind of work as a derrick man? A. Get killed mighty easy.

"Q. What would the tool pusher do if he showed up like that?

"Counsel for appellant: Your Honor, it is understood, I assume, our objection goes to all of this line of hearsay testimony and leading questions.

"Counsel for appellee: Your Honor, I think counsel ought to make specific objections. That is the first I have heard of objections to this line of questioning. I think if he has objections to specific questions, he ought to state them.

"The Court: Let him state the facts.

"Counsel for appellee: I intend to reframe the question if it is not proper. You object to the last question?

"Counsel for appellant: I have objected several times.

"The Court: Overrule the objection.

"Q. What would the tool pusher do if you showed up under the influence of intoxicating liquor? A. He would run you off, or have the driller to run you off."

We do not think the testimony to which we have referred was subject to the objection that it was hearsay or that it was based upon leading questions, or that it was objectionable on any other specific grounds that might have been stated. Furthermore, even though the testimony was improperly admitted, we are of the opinion that its admission did not constitute reversible error. James E. Brown and A. D. Quinn, who were members of the drilling crew with whom appellee was working at the time he was injured, each testified without dispute or objection that appellee was not under the influence of any intoxicating liquor at the time of his injury.

■ Under other points in its brief appellant complains of various rulings of the trial court on the admissibility of evidence offered by the respective parties during the progress of the trial. Without further discussion, it must suffice to say that we have considered each of such complaints but we do not think any reversible error was thereby shown because we cannot say that such error or errors, if any, were reasonably calculated to cause or in reasonable probability did cause the rendition of an improper judgment in the case. Rule 434, T.R.C.P.; Texas Power & Light Co. v. Herring, 148 Tex. 350, 224 S.W.2d 191; Dallas Railway & Terminal Co. v. Bailey, Tex.Sup., 250 S.W.2d 379, pt. 7. There was no substantial dispute in the evidence with respect to the issues determinative of appellant's liability as compensation carrier for appellee's employer, the sharp dispute in the evidence relating only to the extent and duration of appellee's incapacity. Dr. Lerner testified on behalf of appellee that in his opinion the incapacity resulting from appellee's injury was total and permanent, while Dr. Neely testified on behalf of appellant that in his opinion the incapacity was only slight in extent and temporary in duration. Apparently, the jury gave equal weight to the professional opinion of each doctor.

■ Appellant also says the court erred in refusing to submit to the jury its requested special issue with reference to whether appellee was intoxicated at the time of his injury. We cannot agree with this contention. Although the issue was raised by the pleadings, we find no evidence whatsoever which in our opinion could serve as the basis for a legal inference to the effect that appellee was intoxicated at the time *when he sustained his injury*. The nurse in the office of Dr. Neely testified that he had the appearance and odor of a man who had been drinking on one occasion when he was in the office of the doctor but the undisputed evidence shows that he was in the doctor's office on several different occasions after the accident and we do not think the fact that he might have been drinking on one of such occasions constituted any evidence that he was intoxicated at the time when he was injured out on the job. Not only was there a complete lack of any evidence showing that he was intoxicated on the job, but the undisputed evidence showed he was not.

The remaining points in appellant's brief relate to various alleged improper arguments of counsel for appellee to the jury. There is no showing in the transcript by bill of exception or otherwise as to what argument or arguments counsel for appellee might have made to the jury or as to what objections, if any, the counsel for appellant might have interposed to the same or the rulings which the trial court might have made with respect thereto. However, attached to the statement of facts is a complete copy of the closing argument of counsel for appellee to the jury, together with all objections, rulings of the court and exceptions to such rulings, which bears the certificate of the court reporter and of the trial judge certifying to the correctness thereof. Counsel for appellee did not agree that the argument, objections or rulings of the court might be preserved or presented on appeal in that manner. Under the circumstances, we doubt whether this court is authorized or required to consider any of the arguments of which complaint is here made. Smith v. United Gas Pipe Line Co., Tex.Sup., 228 S.W.2d 139, pt. 6. But, be that as it may, we have considered all of the arguments shown by the certified transcript of the court reporter of which appellant complains, together with the qualifications of the trial judge thereto as set forth in a supplemental transcript, and have concluded that none of such arguments disclose reversible error.

Therefore, all of appellant's points are overruled and the judgment of the court below is affirmed.

TIREY, J., took no part in the consideration or disposition of this cause.