**LIGON et al. v. GREEN.**

No. 14879.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 7, 1947.

Rehearing Denied Dec. 12, 1947.

J. Rob Griffin and H. S. Lattimore, both of Fort Worth, for appellants.

S. A. Crowley and Judge Gambill, both of Fort Worth, for appellee.

HALL, Justice.

Appellant, Tom Ligon, brought this suit individually and as next friend for and on behalf of his 5½ year old daughter, Yvonne Ligon, for personal injury damages which resulted to them by reason of Yvonne having been injured by appellee's truck striking her. The case was tried to a jury, and judgment was rendered in favor of appellee upon the finding that Yvonne was guilty of contributory negligence. This is the second appeal of this case to this court. Green v. Ligon, Tex.Civ.App., 190 S.W. 2d 742.

Appellants assign five points of error for the basis of securing a reversal. Points Nos. 1 and 2 are as follows:

(1) The Honorable District Judge erred in permitting Mrs. McCullough to testify that her father (W. B. Green, appellee herein) was at home and had not been able to attend to business for two years and has had several bad heart attacks and is very nervous, and in overruling plaintiff's objections to the same that the evidence was not germane to any issue for the jury and would unlawfully elicit the sympathy of the jury.

(2) The Honorable District Judge erred in failing to grant plaintiff a new trial because one juror, during the deliberations of the jury upon their verdict, told the remainder of the jury that a verdict against appellee Green might kill him.

Points 1 and 2 complain of the following testimony elicited from appellee's witness, Mrs. Ray McCullough:

"Q. Are you related in any way to W. B. Green? A. Yes, sir, I am his daughter.

"Q. Do you know why Mr. Green is not present at this trial? A. Yes, he has been ill. In fact he has not been able to carry on business for about two years, and he has had several bad heart attacks, and he is very nervous."

Appellants made the following objection: "Mr. Lattimore: We object to that question. There is no showing that Mr. Green was at the scene of the accident, and there is no testimony that we know of concerning Mr. Green's presence or absence. It is simply a plain effort to inject prejudice and sympathy before the jury and can serve no proper inquiry of any sort whatsoever, the situation of his health at this time, we object to it and ask the court to instruct the jury not to consider it."

This was followed by statements from opposing counsel and the court:

"Mr. Crowley: We want the jury to understand why Mr. Green is not here in court when this case is tried.

"The Court: The Court admits the evidence only for the purpose of showing why Mr. Green is not here, and the jury will not consider it for any other purpose."

Appellants contend that the witness, Mrs. McCullough, was on the witness stand for the sole purpose of eliciting prejudicial testimony, to excite sympathy for the appellee, and that it was immaterial because the testimony does not show that appellee, Mr. Green, was present at the time of the accident and could testify to nothing pertinent to the issues involved.

We disagree with appellants' theory that it was not pertinent to prove the absence of the appellee Green, who was the defendant in the law suit, because it is the well-established law in this state that either the failure of a party in a civil case to testify or to be absent from the trial raises a strong presumption against him and is a legitimate matter for argument. 41 Tex.Jur. p. 785, par. 66; 64 C.J. p. 69, par. 66; 53 Am. Jur. p. 374, par. 469.

The rule on admissibility of evidence is well established to be the same as upon argument of counsel or misconduct of the jury. Bell v. Blackwell, Tex.Com. App., 283 S.W. 765; Robbins v. Wynne, Tex.Com.App., 44 S.W.2d 946. In the case of the City of Mart v. Hasse, Tex.Civ.App., 281 S.W. 318, 319, writ dismissed, cited by Tex.Jur., supra, it was held to be improper argument for counsel to refer to his own client as the poor old man who is "flat on his back" and unable to attend court, but the fact as to whether such error becomes reversible depends upon whether or not the verdict is against the evidence or appears to have been affected by such argument. The court reversed and remanded it for a new trial because it found that the judgment showed to be excessive, and it further found that the statement complained of was not rebuked by the trial court and no instruction given to the jury not to consider same. The case, however, was tried before the effective date of our present Texas Rules of Civil Procedure. At that time it was the settled law of this state that where testimony was inadmissible, the verdict had to be set aside if there was a reasonable doubt in the minds of the members of the reviewing court as to whether or not such inadmissible testimony affected the verdict as against the complaining party.

It is now the law under Rule 434 that no judgment shall be reversed unless the error complained of probably caused rendition of an improper judgment and such rule has enlarged the doctrine of

"harmless error", so as to cast upon the complaining party the burden of showing at least that error probably resulted to his prejudice. American Nat. Bank of Austin v. Sheppard, Tex.Civ.App., 175 S.W.2d 626, error refused.

■■ We do not find, in this case, the findings of the jury indicate that the testimony was of such a prejudicial nature as to have affected such findings. The jury found that appellant, Tom Ligon, individually, should be compensated the sum of $1,200 against appellee for reasonable costs and value of medical expense, hospital expense, nurse hire, etc., which he incurred by reason of the injury to his minor daughter, Yvonne Ligon. The jury further awarded to appellant, Yvonne Ligon, the sum of $1,500 for pain and suffering which she had received and would receive in the future from such accident, which was proximately caused by the negligence of appellee's truck driver. These findings do not indicate the questioned testimony influenced the jury in arriving at a different verdict which they otherwise would have, even though two of the jurors testified that it was stated in the jury room during their deliberations, by some juror, that Mr. Green was sick at home with heart trouble and that a verdict against Mr. Green might kill him. We believe that if the testimony had affected the jury's findings that they would have no doubt professed it by finding that appellee's truck driver was not guilty of negligence and that appellants were not entitled to receive any money as against appellee. We do not believe the testimony complained of persuaded the jury in any way to find that appellant, Yvonne Ligon, was guilty of contributory negligence while she was attempting to cross the street at a place other than the intersection with another street and/or in attempting to use the street by going in front of a parked car. The evidence shows that the child was standing in front of her parents' house; that there was a parked car on the street at the curb; that some children were playing across the street; that she stepped down off the curb some four to ten feet in front of the parked car and was struck by the truck of appellee, without any witness seeing the accident. We find that whatever prejudice the testimony may have presented against appellants at the time of its introduction, the court's instruction to the jury not to consider the same cured the error, especially when part of the answer was admissible and pertinent, and the objection having been made after the answer was elicited from the witness. Reilly v. Buster, Tex. Civ.App., 52 S.W.2d 521, reversed on other grounds, 125 Tex. 323, 82 S.W.2d 931; Hemler v. Hucony Gas Co., Tex.Civ.App., 18 S.W.2d 942, writ refused; Paschall v. Owen, 77 Tex. 583, 14 S.W. 203; Hines et al. v. Howell, Tex.Civ.App., 15 S.W.2d 1060.

It is further noted that appellants do not complain of the amount of recovery found by the jury to be insufficient or that the jury was influenced to render a smaller amount for each than they would have otherwise rendered had such testimony not been introduced.

We therefore overrule appellants' Points 1 and 2.

■■ Appellants' Points 3, 4 and 5 are based upon the theory that the Judge erred in failing to grant plaintiff a new trial because the findings of the jury to the effect that the five and one-half year old appellant, Yvonne Ligon, was guilty of contributory negligence and that due to her immature years, such contributory negligence could not be a defense as a matter of law to the liability of appellee and, therefore, appellants should have received judgment for the amounts found by the jury.

We think the questions involved in appellants' Points 3, 4 and 5 were settled against appellants in the case of Sorrentino v. McNeill, Tex.Civ.App., 122 S.W.2d 723, writ refused.

■■ Appellants also raise another question in their Point No. 3, to-wit: that the court erred in rendering judgment in favor of appellee because the jury found that the accident "was not avoidable" which resulted into a conflict as between other findings. We have searched the record closely and do not find appellants raising such question in their motion for new trial, and therefore, under the well-established law of this state, the appellate court is not permitted to consider the same. Rule 374,

T.R.C.P.; City of Santa Anna v. Leach, Tex.Civ.App., 173 S.W.2d 193, writ refused W.O.M.; Brown v. O'Meara, Tex.Civ.App., 193 S.W.2d 715, writ refused N.R.E.; Johnson Aircrafts, Inc., v. Wilborn, Tex. Civ.App., 190 S.W.2d 426, writ refused W.O.M.; Glass v. Houston Singing Soc., Tex.Civ.App., 192 S.W.2d 300. This part of appellants' Point No. 3 is also overruled.

Finding no reversible error after considering all of appellants' points, we affirm the ruling of the trial court.