## TEXAS POWER & LIGHT CO. v. HERING et ux.

### No. 2834.

Court of Civil Appeals of Texas. Waco.

Jan. 27, 1949.

Rehearing Denied March 10, 1949.

Cox, Brown, Daniel & Curtis, of Temple, and Bryan, Maxwell & Bryan, of Waco, for appellant.

Fitzpatrick & Dunnam, of Waco, for appellees.

TIREY, Justice.

This is a condemnation suit instituted for the purpose of acquiring an easement with limited uses only, and it is the second appeal. See Tex.Civ.App., 178 S.W.2d 162.

We quote the pertinent parts of the court's charge to the jury:

"Special Issue No. 1: What do you find from a preponderance of the evidence, if any, was the number of acres of land left in the Hering farm immediately after the condemnation and taking of the easement on the 5.3 acres of land?" To which the jury answered "65.935."

"Special Issue No. 2: What do you find from a preponderance of the evidence, if any, was the reasonable market value per acre of the 5.3 acres of land in the right-of-way across the Hering tract immediately before the same was condemned on the 4th day of March, 1943?" To which the jury answered $250.00."

"Special Issue No. 3: What do you find from a preponderance of the evidence, if any, was the reasonable market value per acre of the 5.3 acres of land in said right-of-way across the Hering tract of land immediately after the condemnation of the same on the 4th day of March, 1943, and the construction of the power line thereon?" To which the jury answered "$50.00."

"Special Issue No. 4: What do you find from a preponderance of the evidence, if any, was the reasonable market value per acre of the remaining acres of the Hering tract of land, not included in the right-of-way, immediately before the condemnation of the 5.3 acres and the construction of the power line thereon?" To which the jury answered "$250.00."

"Special Issue No. 5: Do you find from a preponderance of the evidence, if any, that the market value per acre of the remaining acres of the Hering tract, not included in the right-of-way, was reduced by reason of the condemnation of the 5.3 acres and the construction of the power line thereon?" To which the jury answered "Yes."

"Special Issue No. 6: What amount, if any, in dollars and cents, do you find, from a preponderance of the evidence, if any, that the remaining acres of the Hering tract, not included in the right-of-way, was reduced in value, if any, per acre, by the construction of the power line across the same?" To whch the jury answered "$190.00."

The judgment followed the verdict of the jury and awarded damages to defendants and awarded the limited easement on the property to the Power Company, and plaintiff has appealed.

Point 5 is: "The error of the court in overruling the objection and exception by plaintiff to all of the court's charge, for the reason that no language is used which would show that the right-of-way taken and condemned by plaintiff was a right-of-way or easement with limited uses only, and that the jury was entitled to be instructed in connection with such limited use." Plaintiff timely excepted to the failure of the court to so charge, but such exception was overruled.

But appellees contend in effect that if the Power Company's exceptions to the court's charge were sufficient to require the court to instruct the jury to take into consideration the limited uses of the easement in arriving at their damages, that such error was harmless because the Power Company did not set up in its motion for new trial that the award of damages by the jury was excessive, and therefore such error, if any, at most was harmless. We think this contention must be sustained.

In Houston & T. C. R. Co. v. Boozer, 70 Tex. 530, 8 S.W. 119, 120, 8 Am.St.Rep. 615, our Supreme Court had before it the question of an incorrect charge with reference to the measure of damages that a mi-

nor could recover for injuries. This particular charge failed to limit the minor's recovery to the date beginning with his majority. In disposing of the case the court said: "We are of the opinion, however, that we would not be authorized to reverse the judgment on account of this charge, even if it was not the duty of the appellant to have asked a proper charge in this respect, for there is no complaint made that the verdict of the jury was excessive. The only effect the charge could have had would have been to cause an excessive verdict, and it in no way had a bearing on the question whether the appellant was liable at all under the facts." The foregoing situation is analogous to the case at bar, and we have been unable to find any case where the Supreme Court has changed or modified the rule there announced in 1888. We think the above rule in effect is now a part of Rule 434, Texas Rules of Civil Procedure, wherein it says: " * * * provided, first, that no judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court * * *." Since the parties agreed and stipulated the limited uses to be made of the easement, and since the witnesses were interrogated in the trial of the cause as to the value of the land before and after the taking, having in mind the limited uses to which the property was to be used by the Power Company, we think that the failure of the trial court to instruct the jury as to the limited uses to be made of the easement could have had the effect only of increasing the amount of the damages. We think it pertinent to state here that the amount of damages was defendants' issue, and that the rule announced by our Supreme Court in Texas Employers Ins. Ass'n v. Mallard, 143 Tex. 77, 182 S.W.2d 1000, and Lewis v. American Surety Co., 143 Tex. 286, 184 S.W.2d 137, and the opinion of this court in Texas & N. O. R. Co. v. Barham, Tex.Civ.App., 204 S.W.2d 205, points 7–9, page 208, would be applicable here if plaintiff had charged in its motion for new trial that the verdict was excessive. But since the Power Company did not so charge, we believe that such error falls within the harmless error rule.

■ In American National Bank of Austin v. Sheppard, 175 S.W.2d 626, 628, writ ref. w. m., our Austin Court of Civil Appeals, in interpreting the above provision of this rule, said: "This rule 'enlarged' the doctrine of harmless error 'so as to cast upon the complaining party the burden of showing at least that the error probably resulted to his prejudice.'" Citing Golden v. Odiorne, 112 Tex. 544, 249 S.W. 822. The same doctrine was announced by our Fort Worth Court of Civil Appeals in Ligon v. Green, 206 S.W.2d 629, writ ref. n. r. e.; by our Dallas Court in Associated Employers Lloyds v. Groce, Tex.Civ.App., 194 S.W.2d 103, writ ref. n. r. e.; and by our Amarillo Court in Texas Employers' Ins. Ass'n v. Drayton, Tex.Civ.App., 173 S.W.2d 782, 783, writ ref. w. m. The foregoing rule and the interpretation given thereto by our courts seems to be in harmony with the "common sense" rule announced by Mr. Justice Williams of the Galveston Court in Knittel v. Schmidt, 16 Tex.Civ.App. 7, 40 S.W. 507, 509, writ ref. Moreover, Rule 320, T.R.C.P. provides in effect that a motion for new trial shall specify each ground on which it is founded and no ground not specified shall be considered. The Dallas Court of Civil Appeals, in a condemnation suit, Dallas Power & Light Co. v. Edwards, 216 S.W. 910, 912, writ dis. held: "Incorrect charges as to the measure of damages, improper testimony, or other irregularities * * * when it can certainly be said that such matters affect only the amount of the verdict, are not ground for reversal, in the absence of any claim that the verdict is excessive." Citing Houston & T. C. R. Co. v. Boozer, supra, and Houston Electric Co. v. Pearce, Tex.Civ.App., 192 S.W. 558. Since appellant failed to specify in its motion for new trial that the verdict was excessive, and

since there is evidence sufficient to sustain the findings of the jury, we think the factual situation here brings it within the harmless error rule. See also opinion by our Supreme Court in Collins v. Smith, 142 Tex. 36, 175 S.W.2d 407, points 4–5; also Rule 374, T.R.C.P., and Thompson v. State, Tex.Civ.App., 165 S.W.2d 131, points 10–12, and cases there collated. Since the errors complained of in points 1 to 12 inclusive could have had the effect only of increasing the amount of damages awarded, our view is that under the above authorities and the factual situation here presented, they become immaterial and pass out of the case. See also Texas Power & Light Co. v. Hill, Tex.Civ.App., 27 S.W.2d 842.

Points 13 and 14 in effect assail the judgment of the court in its failure to grant a new trial based upon misconduct of the party litigant, Jim Hering, and the jurors, Robert Sanders and A. H. Lueschner. It appears that on the second day of the trial appellant filed its motion for mistrial based on misconduct of the defendant and two of the jurors. This motion was not heard at the time of the filing but under the court's own motion was held in abeyance until the termination of the taking of the testimony, and both were heard and overruled by the court after the jury had rendered its verdict. Testimony was tendered about the facts and circumstances complained of by appellant and we have considered it most carefully, but since the appellant called for findings of fact and conclusions of law as to the alleged misconduct set out by appellant and since the trial court found in effect that said misconduct did not occur and since there is evidence in the record to support such findings, it would serve no useful purpose to discuss the testimony in detail, and we think it would unduly extend this opinion. The court concluded in effect, as a matter of law, that appellant had failed to show misconduct on the part of the litigant, Jim Hering, as well as misconduct on the part of the jurors, Robert Sanders and A. H. Lueschner, and further concluded that based upon the evidence adduced at the hearing of the motion for new trial and the trial of the case and the record as a whole that misconduct was not shown un-der the rule announced by our Supreme Court in Watson v. Texas Indemnity Ins. Co., Tex.Sup., 210 S.W.2d 989. We are in accord with this view.

It follows that according to the views expressed, the judgment of the trial court must be affirmed, and it is so ordered.