TEXAS POWER & LIGHT COMPANY V. JIM HERING ET UX.

No. A-2218. Decided November 2, 1949.
Rehearing overruled November 30, 1949.
(224 S. W., 2d Series, 191.)

*Bryan, Maxwell & Bryan,* of Waco, *Cox, Brown, Daniel & Curtis* and *John B. Daniel, Jr.,* all of Temple, *Buford, Ryburn, Hincks & Ford,* and *Clarence A. Guittard,* all of Dallas, for petitioner.

The Court erred in holding that the trial court's failure to charge the jury on the limited nature of the easement taken was harmless because of the absence of an assignment on excessiveness of damages. Baker Hotel of Dallas v. Rogers, 138 Texas 398, 160 S. W. (2d) 522; Houston & T. C. Ry. Co. v. Boozer, 70 Texas 530, 8 S. W. 119, 8 Am. St. Rep., 614; Smerke v. Office Eq. Co., 138 Texas 236, 158 S. W. (2d) 302.

*Fitzpatrick & Dunnam,* and *W. V. Dunnam,* of Waco, for respondent.

The nature of the error here complained of is such that any recovery for the elements mentioned would be erroneous in its entirety, not excessive, and the question of whether or not a verdict is excessive is one of fact of which the Supreme Court has no jurisdiction. American Produce Co. v. Gonzales, (Com. App.) 1 S. W. (2d) 602; Horton v. Benson, 277 S. W. 1050; Dallas Power & Light Co. v. Edwards, 216 S. W. 910.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

This is a condemnation suit by petitioner power company against respondents Hering in the County Court of McLennan County, Texas. The case was tried once and on appeal was reversed by the Waco Court of Civil Appeals in an opinion found in 178 S. W. (2d) 162. At the beginning of the trial of this present cause the defendants Hering filed in the case and read to the jury an admission that the power company had the right of eminent domain and had taken all steps required to condemn the 5.3 acres right-of-way, and admitted that the only issue to be tried was the amount of damages to which defendants were entitled "resulting from such taking" and that burden of proof was upon defendants and asked the trial court for the right of defendants' counsel to open and close the argument. Upon a trial, judgment was rendered for the power company for their easement, and for defendants for a total sum of $7,653.60, plus interest from date of appropriation of the easement. Upon appeal, the Court of Civil Appeals affirmed the trial court's judgment, 218 S. W. (2d) 301. Application for writ of error was duly filed by the power company, and we assumed jurisdiction of this cause by virtue of the conflicts alleged between the holding of the Court of Civil Appeals in this case and the holdings of this court in American Produce Co. v. Gonzales, (Com. App.) 1 S. W. (2d) 602, and Baker Hotel Co. v. Rogers, 138 Texas 398, 160 S. W. (2d) 522, and other cases from courts of civil appeals.

■ There being no question raised on this appeal as to the "excessiveness" of the verdict and judgment as such, but the complaint being that the charge of the court did not properly limit the jury in the amount of damages they could award, we hold that it was not necessary for the power company to make an assignment that the verdict was excessive in order to complain of the charge given and testimony introduced. American Produce Co. v. Gonzales, (Com. App.) 1 S. W. (2d) 602; Baker Hotel Co. v. Rogers, 138 Texas 398, 160 S. W. (2d) 522; Pure Food Products et al. v. Gibson et al., (TCA) 118 S. W. (2d) 925. Writ denied.

Having taken jurisdiction of the cause we will proceed to dispose of all the assignments of error raised by the petitioners. Points 1 and 2 complain of the holding of the Court of Civil Appeals on the point above discussed and are sustained.

Points 3 and 4 complain of the Court of Civil Appeals holding harmless error the failure of the trial court to properly charge the jury on the limited nature of the easement taken. Points 5, 6 and 7 complain generally of the Court of Civil Appeals holding on testimony of witnesses and matters of evidence.

■ We will first discuss the matter of harmless error. It was held by this court under Rule 62a (the predecessor of Rules 434 and 503) that the burden to show probable error was upon the complaining party. Golden v. Odiorne, 112 Texas 544, 249 S. W. 822, wherein the court said: "Under the doctrine of harmless error, our courts have always declined to disturb a ruling or judgment of the trial court, although palpably erroneous, where it appeared that no injury resulted to the complaining party. Rule 62a merely enlarged this doctrine, so as to cast upon the complaining party the burden of showing at least that the error probably resulted to his prejudice. It was not the purpose of the rule, we think, to require the complaining party to demonstrate that, but for the erroneous ruling, a different judgment would have resulted. Such interpretation would in many cases operate as the denial of a substantial right." By virtue of the provisions of Rule 434 the appellate court is made the body to judge whether the appellant has been harmed by the error complained of. In making this determination the appellate court will determine this question from a consideration of the record as a whole. Weisner v. M. K. & T. Ry. Co. (Comm. App.) 207 S. W. 904; Burrell Eng. & Const. Co. v. Grisier, 111 Texas 477, 240 S. W. 899; Lancaster v. Fitch, 112 Texas 293, 246 S. W. 1015; Barrington v. Duncan, 140 Texas 510, 169 S. W. (2d) 462; Am. Natl. Bank v. Sheppard, (TCA) 175 S. W. (2d) 626; Writ Refused Want of Merit; Ligon v. Green, (TCA) 206 S. W. (2d) 629.

■ Now let us apply the above rules of law to the record before us to determine whether or not such error as may have been committed by the trial court in its refusal to instruct the jury as to the nature of the easement taken by the power company in the present suit was harmless error. A reading of the record shows that each and every witness as to value of the strip covered by the easement and to the remainder of the tract of

land had his attention called to the kind and character of the easement, either by the attorneys placing such witness on the stand or by opposing counsel, and in most instances by both such attorneys. In addition, while the power company's witness, Mr. D. E. Williams, was being examined by the company's attorney, he was asked if he knew "what was the nature or type of easement which was taken and acquired by the Texas Power Company in this?" 5.3 acre strip upon which the power line was built. The witness answered "yes, sir." Defendants Herings' counsel then objected to the question and answer because the records were the best evidence, and upon the objection being sustained, defendants' counsel said, "It is described in the pleadings and we can stipulate it," whereupon the attorney for the power company said, "It is stipulated and agreed by and between counsel for plaintiff and defendants that the type and nature of easement being acquired by Texas Power & Light Company across the land of Mr. Hering in this suit is as described in plaintiff's original petition and, Mr. Court Reporter, if I may save you a little copying here I will read it to the jury." And further, "I want this to be in the record though. I will indicate to you the portion to copy for your notes if that is all right" and read into the record in the jury's presence that portion of the power company's pleadings which described in detail the rights of the power company and defendants in the 5.3 acre strip occupied by the easement. Special Issue No. 2 asked the jury to find the reasonable market value per acre of the 5.3 acres of land before same was condemned on Nov. 4, 1943, and Issue No. 3 asked the jury to find the reasonable market value immediately after such condemnation. Issue No. 1 had asked the jury to determine the number of acres left in the Hering farm "immediately after the condemnation and taking of the *easement* on the 5.3 acres of land." (Italics ours.) We know juries are composed of reasonable and intelligent men and we do not see how the jury could have been misled as to the nature of the easement taken, when you consider the whole of this record. Therefore, we hold that any error of the court in failing to charge as requested by the power company was harmless under the provisions of Rule 434, and that the power company has not shown that the error complained of amounted to such a denial of its rights as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case.

Point No. 5 urged by petitioner power company complains of the Court of Appeals holding that respondents Herings' witnesses were interrogated as to the value of the land before

and after taking with reference to the limited uses to which the property was to be put. We agree with the Court of Civil Appeals holding on this point and will not burden this opinion with a restatement of evidence on this point.

Point No. 6 complains that there was no evidence to sustain the jury's findings on the reduction in value of respondents' land outside the easement strip because all such testimony included in such value two houses which Hering had sold to Martins. We do not believe the record supports this construction of the testimony. The record shows that the witnesses were testifying as to Herings' land.

■ Point No. 7 complains of the action of the trial court in overruling the power company's exceptions to Herings' pleadings regarding the interference to Herings' radio reception in his home by virtue of the building of the power line. The argument is advanced that such damage to radio reception, if any, is too hypothetical, remote and speculative, and that the damages alleged occurred after the condemnation and did not concern the market value of the land at the time of the condemnation, and also that such damages were special damages not recoverable in a condemnation proceeding. With this view we do not agree. We think that a man is entitled to have the uninterrupted and free enjoyment of his radio in his home, the same as any other pleasure that goes with his home. If his radio reception is interferred with he has been damaged and should be entitled to recover for such injury along with other injuries suffered. This injury was plead specifically and is one of the evidentiary matters going to show a lessening in market value of the remainder of the land not taken by the 5.3 acre easement, and evidence was properly admitted regarding the same. State v. Carpenter, 126 Texas 604, 89 S. W. (2d) 194 and on rehearing 89 S. W. (2d) 979, 16 Tex. Jur. 991. Eminent Domain, Secs. 311-312.

The judgments of the trial court and of the Court of Civil Appeals are in all things affirmed.

Opinion delivered November 2, 1949.

Rehearing overruled November 30, 1949.