## O'CONNELL et al. v. SCOTT.
### No. 2887.

Court of Civil Appeals of Texas. Eastland.
June 29, 1951.

Rehearing Denied Sept. 7, 1951.

McDaniel, Luecke & Perry, Wichita Falls, for appellants.

Joe Reeder, Jr., Knox City, Dawson, Jones & Parish, Wichita Falls, for appellee.

LONG, Justice.

On December 3, 1945, J. Ben Ross executed a promissory note in the sum of $3,618.00 payable to Ruby LaRue Scott. On the same date, to secure the payment of said note, J. Ben Ross executed a deed of trust in favor of Ruby LaRue Scott covering all mineral rights owned by him in several tracts of land situated in Knox County, Texas. Thereafter, on March 15, 1948, J. Ben Ross died intestate, leaving as his sole surviving heirs his brother, Frank L. Ross and his sister, Mrs. Elizabeth R. Hoge. Ruby LaRue Scott instituted this suit against Frank L. Ross, Elizabeth R. Hoge and Virginia Hoge O'Connell, joined pro forma by her husband, Ralph O'Connell, to foreclose the deed of

968

trust upon the mineral interest in Knox County. Frank L. Ross and Mrs. Elizabeth R. Hoge were sued as heirs of J. Ben Ross, deceased. Plaintiff alleged that Virginia Hoge O'Connell claimed an interest in the mineral rights and that said interest, if any, was inferior to plaintiff's lien thereon. None of the defendants answered except Virginia Hoge O'Connell and her husband. Judgment was rendered for the amount of the note and for foreclosure of the deed of trust lien. Virginia Hoge O'Connell and her husband have appealed.

Appellants complain of the action of the trial court in overruling their special exception to the failure of appellee to allege that said note and lien had been presented to an administrator of the estate of J. Ben Ross, deceased.

██ It is undisputed that there is no administration of the estate of J. Ben Ross in Texas. At the time of the trial of the case, there was an administration on said estate in Illinois. Appellants did not except to plaintiff's petition on the ground that it did not allege there was no administration on the estate in Texas and no necessity therefor. Consequently, they waived this defect in the petition. Under our rules of civil procedure, every defect or omission or fault in a pleading either of form or of substance, which is not specifically pointed out by motion or exception in writing and brought to the attention of the Judge in the trial court—— shall be deemed to have been waived by the party seeking reversal on such account. Rule 90, Texas Rules of Civil Procedure; Izard v. Townsend, Tex.Civ.App., 208 S.W. 2d 666. After the conclusion of the trial and while the court had the case under advisement, appellant filed a motion to dismiss on the ground that appellee had failed to plead that there was no administration upon the estate of J. Ben Ross, deceased, and no necessity therefor. This motion came too late and was properly overruled by the court. Darden v. White, Tex.Civ. App., 195 S.W.2d 1009.

██ By other points, appellants complain because there is no allegation or proof

that appellee's claim was ever presented to the administrator of the estate of J. Ben Ross, deceased. The law is well settled in Texas that where no administration of an estate has been had and none is necessary, a cause of action against a decedent's estate may be maintained directly against decedent's heirs. The proof of this case shows that the claim of Mrs. Scott was the only claim against the estate in Texas. The administrator of the estate in Illinois had no jurisdiction in Texas and it was not necessary for appellee to present her claim to him. We believe that, under the facts in this case, appellee could maintain her suit directly against the heirs of J. Ben Ross, deceased. Patterson v. Allen, 50 Tex. 23; Brandenburg v. Norwood, Tex. Civ.App., 66 S.W. 587; 14 Tex.Jur., page 300.

 There is another good and sufficient reason why this case should be affirmed. Appellants, in their answer, filed a special exception to plaintiff's petition on the grounds that the claim was not shown to have been presented to the administrator of the estate, a general denial and a plea of payment. Appellants claimed no interest in the mineral rights involved or in the estate of J. Ben Ross, deceased. The proof shows that the only heirs of J. Ben Ross are Frank L. Ross and Elizabeth R. Hoge. So far as this record is concerned, appellants have no claim or interest whatsoever in the property involved in this suit or in the estate of J. Ben Ross, deceased. It therefore follows that they were not shown to have been injured in any way by the judgment. The burden is upon appellants to show injury. Our courts have gone far toward bringing litigation to a speedy and just conclusion by conditioning reversal upon a showing by appellant that injury probably resulted to him from the error of the trial court. Appellants have not discharged that burden. They have not asserted any claim to, or interest in, the subject matter involved. Texas Power & Light Co. v. Hering, Tex.Civ. App., 218 S.W.2d 301; Id., 148 Tex. 350, 224 S.W.2d 191; Atterbury v. Bowman, Tex.Civ.App., 186 S.W.2d 283; City of Wichita Falls v. Bruner, Tex.Civ.App.,

191 S.W.2d 912; Glenn v. Green, Tex.Civ. App., 268 S.W. 1056; Cook v. Wilmeth, Tex.Civ.App., 166 S.W.2d 359; Langley v. Norris, 141 Tex. 405, 173 S.W.2d 454, 148 A.L.R. 555; Rule 434, R.C.P.

The heirs of J. Ben Ross, deceased, did not answer, although the judgment of the court discloses that they appeared in person. They did not raise the questions here presented in the trial court and do not raise them here. Under the record, it is our conclusion the trial court entered the only judgment that could have been entered under the circumstances.

Appellants make the contention that the judgment of the trial court is a personal judgment against them for the amount of· the note sued for. We do not so construe the judgment. Appellee makes no contention that it is a personal judgment. On the contrary, she asserts that it is not a personal judgment. We have carefully examined the record and overrule this point.

The judgment is affirmed.