CITY OF GALVESTON V. ETHERIDGE HILL ET AL

No. A-3320. Decided January 16, 1952.
Rehearing overruled April 2, 1952.
(246 S. W., 2d Series, 860.)

140

*Williams & Thornton* and *Bryan F. Williams,* all of Galveston, for petitioner.

The Court of Civil Appeals erred to holding that the judgment of the trial court should be reversed without plaintiffs bringing before it the evidence adduced at the trial in determining whether the refusal of the trial court to dismiss the city's cause of action against the insurance company amounted to such a denial of plaintiffs' cause of action as to cause the rendition of an improper judgment. American Mutual Liability Ins. co. v. Matthews, 182 Fed. 2d 322; Baccile v. Halsyon, 187 Fed 2d 403; Chapman v. Hoage 296 U. S. 526, 56 Sup. Ct. 333; 80 L. Ed.370.

*Armstrong, Barker, Bedford & Lambdin* and *Owen D. Barker,* all of Galveston, for respondents Hill and Gonzales; *Royston & Rayzor* and *M. L. Cook,* all of Galveston, for respondent Texas Employers' Ins. Ass'n.

In an action against a third party, in this case the City of Galveston, by employees of a ship loading company who when injured were subject to compensation insurance by said company, the trial court committed error in permitting the third party to file a cross-action against the insurance company that carried the employer's insurance, there being no cause of action against the insurance company and its joinder into the case brought both prejudicial and immaterial matters into the case which could tender only to confuse the jury and prejudice it against the plaintiffs and the insurance company. Gill v. United States, 184 Fed 2d 49; Johnson v. United States, 79 Fed Supp. 448; Barrington v. Duncan, 140 Texas 510, 169 S. W. 2d 462.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

Etheridge Hill and Leopold Gonzales, as plaintiffs, sued the City of Galveston, Texas, defendant, as a third party tort-feasor, alleging in substance that plaintiffs were working for Southern Stevedoring Company, Incorporated, loading grain into the holds and bins of a certain steamship which was upon the navigable waters of Galveston harbor. In general, it was alleged by plaintiffs that defendant City owned a certain "Elevator B" on the wharf at Galveston from which the grain was being loaded into the steamship, alongside, by long pipes, etc.; that while the grain

in question was in the City's "Elevator B" it was caused to be fumigated by the City and that due to the negligence of the City's representatives in certain respects the grain became laden with poisonous and injurious gases, etc. The plaintiffs, in their same petition, joined, as a defendant, the Texas Employers' Insurance Association, as the insurance carrier of the Stevedoring Company, and alleged that said insurer had paid to plaintiffs certain compensation benefits, in connection with plaintiff's injuries, and prayed that the insurer be required to assert its claim for recoupment for any sum recovered by the plaintiffs in this third party action against the City. It was further alleged that the Longshoremen's and Harbor Workers' Compensation Act, 33 U. S. C. A., Secs. 901-950, governed this suit, and that under such Act the plaintiffs had taken the necessary steps and given all proper notices to bring about an election to recover against the third party tort-feasor, instead of the compensation carrier of plaintiffs employer, the Stevedoring Company. The City filed first only a formal answer. After the filing of the formal answer by the City the insurance carrier filed its answer to both the plaintiff's petition and the City's answer and filed a cross-action against the City to which the City filed a formal answer. Here the pleadings stood, so far as is shown by the transcript, for some eight or nine months when the parties filed additional pleadings shortly prior to, at the time of, and during the trial of the cause before a jury. About a week prior to trial date the City filed its first amended original answer to plaintiffs' petition and the insurance carrier's cross-action against the City, and also filed a cross-action against the insurance carrier wherein the City alleged in effect "that, as appears from the petition of plaintiffs herein, and from the answer of the said Texas Employers' Insurance Association", the latter at the time of plaintiffs' alleged injuries, was the insurance carrier of the employer, Stevedoring Company, under the provision of the Longshoremen's and Harbor Workers' Compensation Act, and other allegations against the plaintiffs and Stevedoring Company, wherein it is alleged that the injuries received by plaintiffs were not the result of any negligence of the City, but solely the result of the negligent act of the Stevedoring Company. The City had an allegation just before the prayer to the effect that such injuries, if any, (which was not admitted) were received in the hold of a sea going vessel and that under the maritime law, the City "is entitled to a contribution from its co- defendant Texas Employers' Insurance Association, as the insurance carrier of the Stevedoring Company, in any amount which plaintiffs herein, or either of them, may recover against this defendant." The prayer

asked that in the event plaintiffs, or either of them, recovered a judgment against the City, the City have a judgment against its co-defendant Texas Employers' for a proper and just contribution upon such judgment. The plaintiffs and the insurance carrier in the same instrument filed a motion to strike and dismiss the City's above cross-action because (a) it states no cause of action against the insurance carrier, and (b) no negligent acts are alleged against the insurance carrier, and (c) there is no allegation of any relationship between the Stevedoring Company and the insurance carrier "except that Texas Employers' Insurance Association carried workmen's compensation on the employees of Southern Stevedoring Company, Inc."; that the mere filing of the cross-action and reading of the same to the jury is grossly prejudicial to plaintiffs and the insurance carrier because it will create the erroneous impression that the Stevedoring Company is covered with public liability insurance, and encourages the jury to find the Stevedoring Company negligent and therefore liable for injuries suffered by plaintiffs. This motion was overruled by the court and the losing parties excepted. Some two days later the City filed a "Motion for Instructions and Relief" and upon which the court acted the same day. On the same day, and without waiving its motion to strike, the insurance carrier filed an answer to the City's first amended original answer and cross-action against the insurance carrier (the same pleading to which the motion to strike and dismiss was directed). It is not necessary to set out any part of this instrument.

On June 29, in answer to special issues, the jury found that the City was not negligent in any of the various particulars alleged and submitted. They did find that plaintiffs were rendered ill by inhaling poisonous or injurious fumes while working in the hold of the vessel; that the fumes came from the grain; that the injuries were the result of an unavoidable accident; that the inhalation of the fumes by plaintiffs was not due to the negligence of the City; that plaintiffs were not guilty of contributory negligence; that plaintiff Hill had been damaged to the extent of $7500.00 and Gonzales to the extent of $6000.00; that Southern Stevedoring Company, Incorporated, was negligent and that such negligence was the proximate cause of plaintiffs' injuries.

Upon these answers the trial court rendered its judgment that plaintiffs and the insurance carrier take nothing against the City on their respective pleadings.

In due time the plaintiffs and the insurance carrier filed their

joint motion for new trial, which was amended, and the court, "having considered said motion and having heard the argument of counsel thereon", overruled said motion. The motion complained of the action of the trial court in permitting the City to file its cross-action against the insurance carrier upon the grounds that by the filing of the cross-action the City injected insurance into the case to the prejudice of the plaintiffs and the insurance carrier; and also that said cross-action stated no cause of action against the insurance carrier. For the first time complaint was made to certain argument by one of the counsel for the City upon the grounds that same was prejudicial and inflammatory. A bill of exceptions complaining of the same argument was later prepared and filed within time to be included in the transcript on appeal. The bill recites "* * * to which argument neither counsel for plaintiffs nor Texas Employers' Insurance Association, nor the Court interposed an objection at the time such argument was being made."

This judgment has been reversed and remanded by the Court of Civil Appeals in 241 SW 2d 229, upon the ground that the plaintiffs' and insurance carrier's motion to dismiss the City's cross-action against the insurance carrier should have been sustained and that the failure to sustain the motion and the reading of the pleadings to the jury was such prejudicial action as to require a reversal of the case, because such cross-action informed the jury that the Stevedoring Company was covered by insurance; and generally followed the reasons advanced by the proponents of the motion to strike the cross-action of the City.

There is no statement of facts setting out the testimony upon the main trial or the motion for new trial. There is a partial statement of facts with the record, but it only purports to cover a part of what transpired in the trial judge's chambers in acting upon the City's pleading denominated "Motion for Instructions and Relief". There is not shown in the transcript any action of the court on the above motion nor anything to show it was ever presented to the court in open court.

1    There being no statement of facts in the record we must presume that there was evidence to support the verdict of the jury and judgment of the court. Schweizer, et al v. Adcock, et al, 145 Texas 64, 194 SW 2d 549; Commercial Credit Corporation v. Smith, 143 Texas 612, 187 SW 2d 363; Moore v. Hardison, 10 Texas 467, 3B Tex. Jur. 374, Sec. 912, et seq.

We understand the respondents herein, who were appellants in the Court of Civil Appeals, agree with this legal proposition, but it is their contention that the pleadings of the City and the argument of the City's counsel—which are shown in the record —show prejudice against respondents as a matter of law. Respondents claim the City had no legal right to file the cross-action; that it stated no cause of action; and injected insurance into the case and, therefore, when followed by the argument of counsel, constituted fundamental error, and must result in a reversal of this cause.

We do not find it necessary to postpone a decision in this case until the conflict in the decisions of the lower Federal courts as to the right of the City to file its cross-action against the compensation carrier is determined.

**2** The burden is upon the plaintiffs and the insurance carrier, who are complaining of the action of the trial court, to show from the record as a whole that the error complained of amounted to such a denial of the rights of the plaintiffs and the insurance carrier as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in the case. Texas Power & Light Co. v. Hering, 148 Texas 350, 218 SW 2d 301, 224 SW 2d 191; Denbow v. Standard Accident Ins. Co., 143 Texas 455, 186 SW 2d 236; Ligon v. Green (Tex. Civ. App.) 206 SW 2d 629, no writ history; Airline Motor Coaches v. Bennett, 144 Texas 36, 187 SW 2d 982; Southwestern Greyhound Lines v. Dickson, 149 Texas 599, 236 SW 2d 115; Texas Pipe Line Co. v. Hunt, et ux, 149 Texas 33, 228 SW 2d 151; Rules 434 and 503, Texas Rules of Civil Procedure.

**3** Prior to the time of the filing of the City's cross-action and the plaintiffs' and insurance carrier's motions to dismiss the cross-action, and their special exceptions in their answer, we find that plaintiffs, in their petition, had alleged that the insurance carrier was the compensation insurer of Southern Stevedoring Company, Incorporated, by whom plaintiffs were employed at the time of their injuries. Considering the City's "Motion for Instructions and Relief", as shown in the record and the court's action in chambers as is shown by the partial statement of facts, this allegation was not complained of by the City, and of course was left in to be read to the jury. In the answer of the insurance carrier to the original suit it was alleged "at all times material hereto, Texas Employers' Insurance Association was the compensation insurance carrier of and for Southern

Stevedoring Co., Inc., and in accordance with its policy and the laws of the United States, Texas Employers' Insurance Association was liable to Etheridge Hill and Leopold Gonzales, the injured employees of Southern Stevedoring Co., Inc. for the injuries received by them and under its contract and legal obligation paid Etheridge Hill and Leopold Gonzales workmen's compensation benefits and in addition thereto, as required by law and its contract, has paid and incurred liability to pay medical, doctors' and hospital expenses, all of which were made necessary by the injuries to Etheridge Hill and Leopold Gonzales and which were the usual, customary and reasonable charges for such medical, doctors' and hospital expenses, or a total of Seven Hundred Fifty ($750.00) Dollars in the case of Etheridge Hill and a total of Six Hundred and Fifty ($650.00) Dollars in the case of Leopold Gonzales for such expenses and compensation payments". The action by the trial judge at the hearing in his chambers on the City's "Motion for Instructions and Relief" and which sought to strike that portion of the above allegations beginning with "* * * and under its contract and legal obligations paid to Etheridge Hill and Leopold Gonzales", etc. to the end of the allegations quoted above, is shown by the partial statement of facts to have been "with reference to the request contained in paragraph II of said Motion for Instructions and Relief, the Court refuses and denies such request save and except that counsel for Texas Employers' Insurance Association is instructed to omit reading to the jury or otherwise making known to the jury the amount of medical, doctors' and hospital expenses alleged to have been paid or incurred in behalf of the two plaintiffs". There appears no exception to the action of the trial judge by any party to this cause. These pleadings on the part of the insurance carrier, as deleted by the trial judge's action in his chambers, as above set out, were read to the jury. Thus we see that the question of insurance and the fact that Texas Employers' Insurance Association was the insurer of Southern Stevedoring Company, Incorporated, and liable to the plaintiffs for the injuries received by plaintiffs was first brought into the case by the pleadings of the plaintiffs and the insurance carrier, and these pleadings were read to the jury by plaintiffs and the insurance carrier. We do not think they are in any position to complain of the fact that the City's cross-action likewise referred to the facts as above stated. Especially is this true on a record which contains no statement of facts.

This brings us to a consideration of the bill of exceptions complaining of the argument of one of the City's counsel. There

was no objection made to the argument at the time it was made, or at any time until some two months after the trial of this case, and the making of the argument.

4 Some reference is made by respondents to the jury argument of counsel for the petitioner City reflected in the aforementioned bill of exceptions and said to be prejudicial in its emphasis on the fact that the respondent, Texas Employers' Insurance Association, was an insurance carrier opposed in interest to the City. Respondents did not, as appellants below, present a point of improper argument to the Court of Civil Appeals. The reference to it there and here is merely in order to demonstrate actual prejudice from the existence of the City's cross-action, which is said to have caused or permitted the argument. In answer to this suggestion it is enough to say that the argument of counsel for the City was not the result of its cross-action and certainly was no more a result thereof than of the original pleadings of the respondents themselves, which brought the respondent insurance carrier into the case as a party in opposition to the City. The bare presence of the respondent insurer as a cross-defendant did not entitle counsel for the City to emphasize unfavorably its character as an insurance company. Nor can we assume that counsel would not have made the same argument if the cross-action had never been filed. Assuming that the argument itself, if presented as error below, would have justified the reversal decreed below, it does not follow that the filing of the cross-action was prejudicial.

Upon consideration of the record as a whole, and as presented to this court without a complete statement of facts, we are unable to say that there is any reversible error shown; therefore, the judgment of the trial court should in all things be affirmed.

The judgment of the Court of Civil Appeals is hereby reversed, and the judgment of the trial court in all things affirmed.

Opinion delivered January 16, 1952.

MR. JUSTICE WILSON, dissenting.

I respectfully dissent for the reason that there is no legal basis for the defendant City of Galveston's cross-action against a compensation carrier seeking recoupment, and the trial court's failure to strike this cross-action was error which as a matter of law should be reversible.

The conflict of Federal authorities referred to in the majority opinion is upon the question of whether or not a negligent employer can be forced to contribute to a negligent third party in an employee's suit against the third party where the negligent employer subscribed to workmen's compensation insurance or its equivalent. I cannot believe that the Supreme Court of the United States will do other than follow the majority rule to the effect that under the circumstances of this case there is no right of contribution, or certainly no more than an offset for compensation paid (depending on the effect given to the employee's election). The converse nullifies the limitation of liability provided the employer in most workmen's compensation laws. But irrespective of the United States Supreme Court's holding on this question, there is no basis for holding that a workmen's compensation carrier can be held to be a greater liability than that imposed by its policy. This being true, it was plainly error for the trial court to refuse to strike the City's cross-action against the compensation carrier.

The majority opinion in the case at bar cites no case holding that a policy of workmen's compensation insurance can be turned into a policy of general liability insurance as the City sought to do by its cross-action in this case. The City plead over against the compensation carrier as follows: "That if the plaintiffs * * * suffered the injuries alleged in their petition * * * this defendant, as a substantive right, is entitled to a contribution from its co-defendant TEXAS EMPLOYERS' INSURANCE ASSOCIATION, as the insurance carrier for the Stevedoring Company, in any amount which plaintiffs may recover against this defendant." The two plaintiffs and the insurance carrier filed a motion to strike this portion of the City's pleadings which the trial court should have granted. This is the error complained of here.

This error was calculated to confuse the jury. It was exploited by the defendant City in its argument.

It cannot be determined from the verdict that the jury ignored the City's pleading and argument, but on the contrary it adopted the City's version of the facts.

The jury was entitled to believe the City's pleading that there was an additional legal liability upon Texas Employers' Insurance Association over and above the compensation already paid. Under the City's pleading that the insurance company was the

alter ego of the employer and was liable to contribute to damages over and above compensation already paid, it would not be unreasonable for the jury to become confused and think that they were returning a verdict in favor of the two employee plaintiffs against the compensation carrier in the amount of $6000 for one employee plaintiff and $7500 for the other over and above compensation already paid. In view of the popular readiness to impose liability upon an insurance company, and in view of the jury's verdict, this admitted error should be held as a matter of law to be prejudicial.

The result of the trial court's error was an improper injection of insurance—not insurance in the sense of a compensation carrier seeking recoupment, but insurance covering the negligence of the Stevedore Company. This could not fail to damage the cause of the two employee plaintiffs and of the carrier for recoupment. Under these circumstances I cannot agree that the trial court's error was harmless even though there be no Statement of Facts. I feel that the Court of Civil Appeals's judgment reversing and remanding for another trial is correct and just and should be affirmed.

Opinion delivered January 16, 1952.

Motion   for rehearing overruled April 2, 1952.