**F. N. SHADOWENS, Sr., et al., Appellants,**

v.

**Thelma SHADOWENS, Appellee.**

**No. 3171.**

Court of Civil Appeals of Texas.

Waco.

June 10, 1954.

Rehearing Denied Sept. 30, 1954.

Smith & Lehmann, Otis Scruggs, Jr., Pat N. Fahey, Houston, Barnes & Barnes, Terrell, for appellants.

Harry H. Brochstein, Houston, for appellee.

TIREY, Justice.

This is an appeal from a judgment invalidating the last will and testament of Dr. T. M. Shadowens. Appellants were the proponents in the County Court, which court admitted the will to probate. Thelma Shadowens, appellee, was the daughter-in-law of testator, and she seasonably filed a contest to the will in the County Court as next friend of Timothy E. Shadowens, a minor, who was a grandson of testator. She perfected an appeal from the judgment of the County Court admitting the will to probate and on trial in the District Court the following and only issue was submitted to the jury for its determination:

"Special Issue No. 1: At the time Dr. T. M. Shadowens executed the will which has been offered for probate as his last will and testament, did he have testamentary capacity? Answer: 'He did,' or 'He did not,'", to which the jury answered "He did not."

The court overruled proponents' motion for judgment non obstante veredicto and granted contestee's motion for judgment and denied the probate of such will and directed the Clerk of the District Court to send certified copy of the order denying the probate of the will to the Probate Court of Harris County for observance. The proponents seasonably perfected their appeal to the Court of Civil Appeals at Galveston, and the cause is here by order of our Supreme Court.

The judgment is assailed on three points. They are substantially: (1) the error of the Court in admitting in evidence a newspaper clipping referring to the testator, which clipping was prejudicial to appellants; (2) there was no evidence of probative force to support the jury findings that the deceased did not have testamentary capacity; and (3) the evidence was insufficient to support the finding of the jury that deceased did not have testamentary capacity. Appellee's counter points are substan-

tially: (1) that the newspaper clipping admitted in evidence was not erroneous; (2) that appellants' contention that there was no evidence of probative force to support the jury finding is without merit; and (3) that there was sufficient evidence of probative force to support the finding of the jury to the effect that the testator did not have testamentary capacity.

The testator was a practicing physician, and the will tendered for probate was executed October 20, 1951, and the testator died October 27, 1951. Such will bequeathed all of his property to his brother, F. N. Shadowens, Sr., and a sister, Mrs. I. E. Willier, share and share alike, in fee simple. It appears from the record that the testator had one child, a son, who died prior to the death of the testator, and left surviving him the minor, Timothy E. Shadowens, and the will made no provision whatsoever for the grandchild. It appears that the testator's wife predeceased him intestate and that there are no children or grandchildren surviving the testator and his deceased wife, save and except the grandson, Timothy E. Shadowens.

■ The burden was on appellants by the terms of the statute as well as our authorities construing such statute, to prove that the testator had testamentary capacity at the time he executed the instrument offered for probate. See art. 3348, Vernon's Ann.Civ.Stats.; also Breeding v. Naler, Tex.Civ.App., 120 S.W.2d 889, points 1–4, p. 890 (writ dis.), and authorities there collated.

■ In considering the testimony adduced, it is our duty to bear in mind, the rule, "Where the facts are controverted, or are such that difference inferences may be reasonably drawn therefrom, an issue of fact is raised; it is only where the evidence is harmonious and consistent, and the circumstances permit of but one conclusion, that the question becomes one of law for the determination of the court. An issue of fact is raised 'if, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and in-

dulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff.' " See Olds v. Traylor, Tex.Civ.App., 180 S.W.2d 511, 514, points 8–9 (writ ref. 1944), and authorities there cited. Since evidence of probative force was tendered both pro and con as to the mental capacity of the testator at the time he executed the will, it was the duty of the trial court to overrule the proponents' motion for judgment non obstante veredicto under the doctrine announced in Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194, at page 199, points 5–6. We have carefully read the evidence tendered as to the mental capacity of the testator and we find that it is ample to support the verdict of the jury. We think a recital thereof would be without precedential value.

■ We come now to consider appellants' Point 1, which assails as error the action of the court in admitting in evidence a certain newspaper clipping referring to the testator. While Dr. James A. Brown, a witness for contestee, was testifying he was handed a newspaper clipping reading as follows:

"Houston Negro Hospital,
 2900 Elgin Ave. Houston,
"Texas.
 "July 27, 1937
"Dr. T. M. Shadowens,
"3507 Buck Street, Houston, Texas
"Dear Sir:
 "This is to inform you that after your current patient has been dismissed from this hospital you will be prohibited from practicing in the Houston Negro Hospital henceforth.
 "Mrs. W. R. Styron, Chairman."

Dr. Brown testified to the effect that he found this newspaper clipping in the file that Dr. Shadowens had given to him. We quote the appellants' objection to the introduction of the newspaper clipping: "There is no reason given for this in connection with Dr. Shadowens, and it is too remote, as shown by the date of the supposed communication to affect or prove any

issue in this case." The court overruled such objection and the clipping was read to the jury. No other objection was urged. We quote from appellants' brief:

"The only issue in this cause was the testamentary capacity of the deceased on October 20, 1951 when he executed the will in question. Consequently, the obvious purpose of introducing the newspaper clipping was to affect the jury's verdict on that question.

"Now the clipping lets the jury know that fourteen years prior to the will Dr. Shadowens was prohibited from practicing in the Negro Hospital. Because of the sole issue of the case it was natural for the jury to conclude that the prohibition was because of mental incapacity existing at that time. However, the letter does not give any reason for deceased's being prohibited from practicing in the hospital and there is no explanation in the record showing the reason for the decision by the hospital. Thus the jury was permitted to conclude that the letter referred to mental incapacity when there is no evidence to show such to be the reason for the letter. Thus the clipping permitted a conclusion that was unwarranted by it. Thus the jury was permitted to speculate on the reason for Dr. Shadowens being forbidden the use of the Negro Hospital. Thus the letter quoted from the clipping, without proof as to the reason for its being written, was prejudicial to the Appellants, and its admission reversible error."

 We are in accord with appellants' contention to the effect that the newspaper clipping was too remote and did not tender any evidence of probative force as to mental or lack of mental capacity on the part of the testator to execute a will in October 1951, but we do not share appellants' view wherein they state:

"* * * it was natural for the jury to conclude that the prohibition was because of mental incapacity existing at that time." We think such deduction is highly speculative and without any foundation when the record is considered as a whole. However, we are inclined to the view that the objection as made is more to the weight of the evidence. Assuming without deciding that the introduction of the clipping was prejudicial, we cannot pass on the question of whether it was such that would require a reversal of the cause because the objection made at the time the clipping was tendered in evidence did not present to the trial court the question that such clipping was prejudicial; nor did the appellants thereafter move the court to strike such testimony and instruct the jury to disregard it because it was prejudicial. It is true that appellants set up in their motion for new trial that the admission of the clipping in evidence was prejudicial and such point is raised in their brief; however, this view should have been presented to the trial court at the time the testimony was tendered, and failing in this behalf, it should have been called to the attention of the court by proper motion before the court submitted the cause to the jury, and, failing to do this, we think the prejudicial nature of the testimony has been waived. The burden of showing probable error is on the complaining party. See Rules 434 and 503, T.R.C.P. Our Supreme Court in Texas Power & Light Co. v. Hering, Tex.Civ.App., 224 S.W.2d 191, 192, said: "By virtue of the provisions of Rule 434 the appellate court is made the body to judge whether the appellant has been harmed by the error complained of. In making this determination the appellate court will determine this question from a consideration of the record as a whole." Our view is that the application of such rule to the factual situation here presented requires an affirmance of this cause.

Accordingly, the judgment of the trial court is in all things affirmed.