BARISH PRODUCE COMPANY, Appellant,

v.

David H. SCHULTZ, Appellee.

No. 14919.

Court of Civil Appeals of Texas.

Dallas.

April 15, 1955.

Rehearing Denied May 13, 1955.

Passman & Jones, Dallas, for appellant.

Harold C. Abramson and J. Manuel Hoppenstein, Dallas, for appellee.

DIXON, Chief Justice.

This appeal involves a suit for debt for $1,499.30 principal, being the alleged purchase price of 27,260 pounds of bananas which appellee claims to have sold and delivered to appellant.

A jury returned its verdict finding that (1) appellee made a bona fide sale of the bananas to appellant; (2) appellant agreed to pay $1,499.30 for the bananas; (3) the bananas were delivered to appellant in good condition; and (4) the bananas were not shipped to appellant without an agreement as to the price.

There is really only one basic issue in the case: Whether there was sufficient evidence to support the jury verdict that appellant contracted to buy the bananas in question from appellee.

In our opinion the evidence was sufficient to support the jury verdict. There is testimony that Schultz called appellant by long distance telephone from Brownsville, Texas, on August 16, 1952, while a ship from Mexico was still unloading the bananas, and that appellant agreed to buy a truck load of them at 5½ cents per pound. The truck load of 27,260 pounds arrived in Dallas August 17, 1952 and was unloaded at appellant's place of business without objection from appellant. In fact there is evidence that appellant himself received the shipment, inspected the bananas as far as possible from the open rear doors of the truck, and signed the delivery receipt—all without protest or objection as to their condition.

The testimony offered in appellant's behalf gives only weak support to his contention that he did not contract to purchase the bananas. He introduced testimony to show that the bananas were sent to him on a consignment basis, but in another place he expressly admits that they were not sent to him on consignment. The gist of his testimony is that the fruit was not in good condition when it arrived due to the truck company's failure to keep the inside of the truck at a sufficiently low temperature. But he impliedly admitted the contract to purchase when he testified that if the bananas had been in good condition they would have been his bananas. The jury answered that they were in good condition, and that particular finding is not attacked on this appeal. We overrule appellant's third point on appeal.

Appellant's first two points on appeal assert that the trial court erred in admitting in evidence Section 46.2 and subsections thereof of the Rules and Regulations of the United States Department of Agriculture. The particular sections introduced in evidence have to do with requirements for keeping records and for rejection, notice, and acceptance of fruit shipments. Appellant says that these Federal rules were not

admissible because the shipment was purely intrastate in character, and that their admission was prejudicial and inflammatory.

There is some doubt whether appellant made timely objection to the evidence. The Court in overruling appellant's request for instructions to the jury to disregard the regulations gave as a reason that some of the Rules and Regulations had previously been read without objection, though the Court had asked appellant's counsel if there were any objections to them. Counsel explained that at the time he had no objection, but that "it has now occurred to me, and possibly a little late, but none the less I think validly, that this pertains only to intrastate commerce * * * and I now ask the Court, respectfully, to direct the jury not to consider it for any purpose whatsoever." Appellee says that appellant had waived any objection to the evidence.

Appellee says further that since the shipment originated in Mexico, it is foreign commerce, hence is properly governed by Federal regulations and the regulations were admissible.

We believe it is unnecessary and needless for us to pass on the question of the sufficiency of appellant's objections and request for instructions to the jury, and the question whether the shipment was intrastate or interstate in character. For in either event we must overrule appellant's first two points for another reason.

There is nothing in the record before us to support a holding that appellant was probably harmed by the error, if it was error, of the trial court in admitting the regulations pertaining to the keeping of records and the rejection, notice and acceptance of delivery of merchandise. The issue raised by the questioned evidence is collateral in nature and only indirectly bears on the ultimate issue, which was whether appellant had entered into a contract to purchase the bananas. In our opinion if it was error at all it was harmless error. Ligon v. Green, Tex. Civ.App., 206 S.W.2d 629; Rule 434 Vernon's Rules of Civil Procedure; 31 Tex. Law Rev. 1 (Article by Associate Justice Robert W. Calvert). We overrule appellant's first and second points on appeal.

The judgment of the trial court is affirmed.

### On Motion for Rehearing.

On rehearing appellant says that we erred in stating that there is some doubt whether appellant made timely objection to certain evidence. Further study of the record has caused us to conclude that appellant did object to the admission in evidence of Section 46.2 of the Rules and Regulations of the United States Department of Agriculture.

But we still hold that such error was harmless. The only real issue was whether appellant contracted to purchase the bananas in question. Appellee testified that he did. Appellant's own testimony, as pointed out in our original opinion, also, impliedly admits that he did. Certainly there is nothing in the record to support a holding that appellant was probably harmed by the introduction in evidence of the Regulations pertaining to a collateral, not the ultimate issue.

The motion for rehearing is overruled.