**INSURANCE COMPANY OF ST. LOUIS, Appellant,**

v.

**G. B. BELLAH, Appellee.**

No. 16470.

Court of Civil Appeals of Texas.
Fort Worth.
Dec. 6, 1963.

**692**

McCulloch, Ray, Trotti & Hemphill, Ronald D. Krist and Ross H. Hemphill, Dallas, for appellant.

Pettigrew & Vecchio and James S. Vecchio, Grand Prairie, for appellee.

RENFRO, Justice.

G. B. Bellah sued the Insurance Company of St. Louis to recover for a lightning loss under a fire insurance policy issued by Insurance Company of St. Louis.

In answer to special issues the jury found: (1) that the damages to plaintiff's home and air conditioner were caused by fire resulting from lightning, and (2) the plaintiff suffered $1,000 damages as result of the fire and lightning.

No other issues were submitted nor requested.

There were no objections or exceptions to the court's charge.

The court in its judgment, after the usual recitations, stated: "The Court having considered the verdict and such other additional findings as authorized by law having been made and the Court being of the opinion that Judgment should be rendered as follows * * *", and decreed that plaintiff recover of the defendant the sum of $1,000.

The appellant appeals on the ground there was no evidence to warrant the jury's finding of $1,000.

The appellant did not file a statement of facts.

It does contend, however, that "findings of fact and conclusions of law" filed by the trial court should be considered as a statement of facts.

The transcript does not show the request made by the appellant. The order of the court, however, granting the request made by appellant recites that the defendant requested the judge to state in writing the findings of fact found by him separately from the conclusions of law, and the "findings of fact and conclusions of law" filed by the court read: "In response to the request of Defendant in the above entitled and numbered cause, I make and file the following as *my* Findings of Fact and Conclusions of Law therein." (Emphasis added.)

It is, therefore, apparent upon the face of the instrument filed by the court that it was filed under the provisions of Rule 296, Texas Rules of Civil Procedure, which provides for findings of fact and conclusions of law upon a trial by the court without a jury.

The trial court is required to file findings of fact and conclusions of law in a jury trial only where there are omitted supporting issues in the court's charge to the jury. Quarles v. Traders and General Insurance Co., Tex.Civ.App., 340 S.W.2d 545.

The "findings" which the appellant now insists are a statement of facts do not pur-

port to be, and are not, findings which support omitted supporting issues in the court's charge to the jury.

Findings of fact and conclusions of law are, as stated in Rule 296, "conclusions of fact" found by the trial court.

■ The statement of facts, on the other hand, should include the testimony of the witnesses, either narratively or in question and answer form, and exhibits and documentary evidence. None of the above were included in the findings of fact filed by the trial court.

We must conclude that the appeal is before us without a statement of facts.

■ The burden is upon defendant, appellant in this court, to show from the record as a whole that the error complained of amounted to such a denial of its rights as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in the case. Ligon v. Green, Tex.Civ.App., 206 S.W.2d 629; Southwestern Greyhound Lines v. Dickson, 149 Tex. 599, 236 S.W.2d 115; Texas Pipe Line Co. v. Hunt, 149 Tex. 33, 228 S.W.2d 151; Rule 434, T. R. C. P.

■ Upon consideration of the record as a whole, and as presented to this court without a statement of facts, we are unable to say there is any reversible error shown. See City of Galveston v. Hill, 151 Tex. 139, 246 S.W.2d 860.

It is settled that in the absence of a statement of facts the appellate court will presume that the evidence is sufficient to support the verdict and judgment. Dyche v. Simmons, Tex.Civ.App., 264 S.W.2d 208; Commercial Credit Corporation v. Smith, 143 Tex. 612, 187 S.W.2d 363; Schweizer v. Adcock, 145 Tex. 64, 194 S.W.2d 549; Fenton v. Wade, Tex.Civ.App., 303 S.W.2d 816; Ollok v. United Heat Treating Co., Tex.Civ.App., 318 S.W.2d 785.

Since this was a jury case and the appeal is before us without a statement of facts, we affirm the judgment of the trial court.